## GUARANTY TRUST CO., EXECUTOR, *v.* VIRGINIA.

No. 9. Argued October 11, 12, 1938.—Decided November 7, 1938.

---

*Mr. James R. Caskie* for petitioner.

*Mr. Abram P. Staples,* Attorney General of Virginia, with whom *Mr. W. W. Martin,* Assistant Attorney General, was on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Mrs. Mary T. Ryan, while resident and citizen of Virginia in 1930, 1931 and 1932, was beneficiary of a trust set up under the will of her husband, Thomas F. Ryan, who died when a citizen of New York in 1928. The will was probated in New York; the trustees qualified there, took over the assets and have kept them there. The trust has been administered and accounts settled under the laws of that state.

The will divided the estate into fifty-four parts and directed payment of the income therefrom to designated beneficiaries. These are the provisions presently important—

> "Twelve (12) of said equal parts to said Trustees in trust to receive the income therefrom, and to pay over such part of said income to my dear wife, Mary T. Ryan, as they in their sole discretion may determine to be necessary and proper for her care, support and comfort during her life, in such installments and at such intervals as they in their sole discretion may determine."

The will further provided that the trustees should "divide any surplus income from said twelve parts not paid to my wife as aforesaid, into forty-two equal portions, and to pay such surplus income in equal quarterly payments as near as may be" to certain distributees as designated in said will, and that upon the death of the said wife the principal amount of the said twelve equal parts should be divided and distributed to certain designated distributees, as set out in said will.

The New York and Virginia statutes laying taxes upon incomes from trusts are substantially alike. They require trustees to report income received and where the trust is discretionary to pay the amount assessed upon the entire income; if the trust is an ordinary one each beneficiary is assessed upon the amount received by him.

For 1930, 1931 and 1932, New York in one or both of these ways received taxes upon the entire income of the trust set up under the will. Exercising their discretion, after satisfying the taxes, the trustees paid to Mrs. Ryan considerable sums out of the income, from twelve fifty-fourths of the estate—in all approximately $300,000. For the same years, Virginia assessed ordinary state income taxes against her on account of the sums so received. They were paid; and this proceeding was begun in the circuit court of Nelson County to recover them. It sustained the tax, and the highest court of the state affirmed the judgment. The matter comes here by certiorari granted upon the following statement—

This petition presents the issue as to whether the State of Virginia has the right, under the provisions of the Fourteenth Amendment to the Constitution of the United States, to assess an income tax on income received by the said Mary T. Ryan for the years in question, when the identical income in the hands of her Trustees had been assessed with income taxes by the State of New York, and which said taxes had

been paid there, thus imposing two State taxes on the same income.

Counsel for petitioner submits—

The same income was subjected to taxation by two states. New York unquestionably had the right to exact the tax upon the income of the trust, and thereby Virginia was inhibited. The provisions of the Fourteenth Amendment protect against such taxation by two states on the same income. Here, both the Equal Protection and the Due Process clauses forbid the challenged exactment.

The claim that equal protection has been denied seems to rest upon an assumed literal construction of the Virginia statute which would require income from discretionary trusts to be taxed against both trustee and beneficiary, while only one tax (against the beneficiary) would fall upon income from ordinary trusts.

We must, of course, deal with rights here actually involved. The state has made one assessment against a resident beneficiary because of income received within her jurisdiction and her courts have approved. They have not interpreted her statutes according to the petitioner's assumption.

The right to recognize a distinction between ordinary and discretionary trusts and thus insure collection of taxes upon the entire income actually received from the latter seems clear enough.

Has there been denial of Due Process—

The insistence is that the challenged assessment was upon the identical income already rightly taxed by New York; that, under numerous decisions by us, two or more states may not tax the same subject; this would amount to double taxation and infringe the Due Process clause. To support this proposition the cases noted in the margin[1] are cited:

---

[1] *Union Refrigerator Co.* v. *Kentucky*, 199 U. S. 194, *Frick* v. *Pennsylvania*, 268 U. S. 473, *Safe Deposit & Trust Co.* v. *Virginia*, 280 U. S.

Those cases go upon the theory that the taxing power of a state is restricted to her confines and may not be exercised in respect of subjects beyond them. Here, the thing taxed was receipt of income within Virginia by a citizen residing there. The mere fact that another state lawfully taxed funds from which the payments were made did not necessarily destroy Virginia's right to tax something done within her borders. After much discussion the applicable doctrine was expounded and applied in *Lawrence* v. *State Tax Comm'n,* 286 U. S. 276, and *New York ex rel. Cohn* v. *Graves,* 300 U. S. 308. The attempt to draw a controlling distinction between them and the present cause, we think, has not been successful.

The challenged judgment must be

*Affirmed.*

83, *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, *Baldwin* v. *Missouri,* 281 U. S. 586, *Beidler* v. *South Carolina Tax Comm'n,* 282 U. S. 1, *First National Bank* v. *Maine,* 284 U. S. 312, *Senior* v. *Braden,* 295 U. S. 422.