Commonwealth *v.* South Philadelphia Terminal, Inc., Appellant.

294

Argued May 22, 1961. Before Jones, C. J., Bell, Jones, Cohen, Bok and Eagen, JJ.

*Frank A. Sinon,* with him *Rhoads, Sinon & Reader,* for appellant.

*Edward Friedman,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

Opinion by Mr. Justice Cohen, June 26, 1961:

In this case the South Philadelphia Terminal, Inc., appellant, questions its liability for the payment of Pennsylvania Corporate Net Income Tax as assessed. The appellant's contention that it should be taxed as a multiform taxpayer was dissipated by its stipulation which the court below correctly evaluated, holding that the business of the taxpayer was unitary and should be taxed as such. A further contention of appellant that income from a separate out-of-state business was allocated to Pennsylvania, thereby creating net income in Pennsylvania when there was actually none also was correctly answered by Judge Shelley from whose opinion we quote the following: "The purpose of an allocating fraction is to assign to a state that portion of the corporation's activity which is exercised within the

state as a result of a privilege granted in the certificate of authority. Each state has the right to establish a formula to be used for the purpose of assessing corporate net income tax, so long as the formula is uniform and reasonable. Various formulae including the one used in Pennsylvania have been sustained by the Supreme Court of the United States, Butler Bros. v. McColgan, . . . .

"Since the various states of the union have not adopted a uniform method of allocating income, the possibility of overlapping of the apportionment formulae always exists. This possibility was recognized and held to be of no moment in the ordinary case. In Commonwealth v. Koppers Company, Inc., 397 Pa. 523, 530 (1959), the Court held: 'The gross receipts fraction, as well as the tangible property and wages and salaries fractions, is part of a method used to apportion the income of a corporation doing business in more than one state so that each state may base its tax on only a portion of the income, a portion considered allocable to that state. Use of the three fraction formula has been held reasonable and valid: Butler Bros. v. McColgan, 315 U. S. 501, 86 L. Ed. 991 (1942), and Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421, 184 Atl. 37 (1936), even though that formula may not precisely measure the corporation's income actually attributable to the taxing state. Guaranty Trust Co. v. Virginia, 305 U. S. 19, 83 L. Ed. 16 (1938). Just as in cost accounting it becomes almost impossible to make a completely accurate cost analysis, so here in the allocation of income to the various taxing states there is usually some overlapping by the several states, which results in the imposition of a tax on more than 100% of the corporation's income. This is not constitutionally fatal and would only be declared so when there has been an unreasonable distortion of income.' "

The conclusion that the fairness of an allocation formula cannot be determined by consideration of or the effect of a different formula used by another state is most proper. The sole issue is whether Pennsylvania's formula justly allocates to itself a proper portion of the corporation's activities, regardless of the methods used by the other states.

Judgment affirmed.

Mr. Justice BELL dissents.