393 P.2d 35

**Lucile T. HERNDON, Plaintiff-Appellant,**

**v.**

**Floyd WEST, Tax Collector of the State of Idaho, Defendant-Respondent.**

**No. 9426.**

Supreme Court of Idaho.

June 12, 1964.

Charles Herndon, Salmon, for appellant.

Allan G. Shepard, Atty. Gen., and William M. Smith, Asst. Atty. Gen., Boise, for respondent.

McQUADE, Justice.

Plaintiff-appellant, Lucile T. Herndon, will hereinafter be referred to as the taxpayer. Defendant-respondent, Floyd West, will hereinafter be referred to as the tax collector. The State Tax Commission will hereinafter sometimes be referred to as the Commission.

On December 15, 1961, the office of the tax collector notified the taxpayer of an income tax deficiency assessment and interest due for the year 1959. The taxpayer filed a notice of protest and appeal to the State Tax Commission and on June 22, 1962, the Commission affirmed the income tax deficiency determination of the tax collector.

Pursuant to the provisions of I.C. § 63–3049, taxpayer then appealed to the district court, alleging the illegality and invalidity of the order of the Commission. The district court affirmed the order of the Commission and entered a judgment for the tax collector in the amount of $617.03. Taxpayer takes her appeal to this court from the judgment of the district court.

Taxpayer is a general partner in a going highway construction business known as Tway Construction Company. The business situs of the partnership is the State of Oklahoma and all of its business is within the boundaries of the State of Oklahoma.

Taxpayer exercised no managerial rights of control of the affairs of the partnership in 1959, but she has surrendered no statutory rights and she is subject to all the liabilities of a partner in a general partnership. She could have exercised some partnership control in 1959 had she chosen to do so. Taxpayer alleged that to her best information and belief, none of the partnership funds distributed to her were ever utilized by her in the State of Idaho.

During 1959, taxpayer and her husband were domiciliary residents of Lemhi County, Idaho. Taxpayer filed an income tax return in the State of Oklahoma declaring the separate property income received from the said partnership and paid Oklahoma income tax thereon. Taxpayer also filed and paid federal income tax on this Oklahoma income. However, the Oklahoma income was not reported by the taxpayer in her return of income to the State of Idaho for 1959, upon the theory that said income was not derived from sources within the State of Idaho. The issue presented is whether the taxpayer must include in her Idaho taxable income for 1959 that income received from the Oklahoma partnership.

The applicable law in this case is the Idaho Income Tax Act which was approved March 19, 1959, and given retroactive effect from and after January 1, 1959, Laws 1959, c. 299. Taxpayer's first contention is that the Idaho Income Tax Act does not in fact levy a tax upon her 1959 Oklahoma income.

Prior to enactment of the Idaho Income Tax Act, the governing law in this area was the Property Relief Act of 1931, Laws 1931, Ex.Sess., c. 2. Section 63–3013(b) 7 of the Property Relief Act specifically exempted from taxation, "Income of resident persons and domestic corporations of

the state of Idaho, from salaries, wages or compensation for personal service, or from the conducting and carrying on of their professions, vocations, trades or businesses, when derived from sources outside of the state of Idaho." Due to the above exemption, taxpayer's Oklahoma income would not have been reportable to Idaho under the 1931 Property Relief Act. See: Barraclough v. State Tax Commission, 75 Idaho 4, 266 P.2d 371 (1954).

There is, however, no provision in the Idaho Income Tax Act which corresponds to section 63–3013(b) 7 of the Property Relief Act of 1931. It is stated in I.C. § 63–3002 that the legislative intent is " * * * to impose a tax on residents of this state measured by taxable income wherever derived * * *."

Taxpayer relies strongly upon the first part of I.C. § 63–3002, which states that it is the intent of the Legislature to make the Idaho Income Tax Act identical to the Federal Internal Revenue Code. From this, taxpayer attempts to analogize the situation presented herein to the tax treatment given United States residents who conduct businesses in United States possessions.

 Taxpayer has failed to construct a valid analogy. It is obvious that Idaho does not occupy the special relationship toward Oklahoma that the United States does toward its possessions. Moreover, it is well settled that since an exemption exists only by virtue of constitutional or statutory provisions, it must be created or conferred in clear and plain language and cannot be made out by inference or implication. Malad Second Ward of the Church, etc. v. State Tax Com'n, 75 Idaho 162, 269 P.2d 1077 (1954); Lewiston Orchards Irr. Dist. v. Gilmore, 53 Idaho 377, 23 P.2d 720 (1933). One who claims a tax exemption must clearly establish his right thereto. Sunset Memorial Gardens v. Idaho State Tax Com'n, 80 Idaho 206, 327 P.2d 766 (1958); Bistline v. Bassett, 47 Idaho 66, 272 P. 696, 62 A.L.R. 323 (1928).

 Taxpayer urges that ambiguous language of the statute should be so construed as to avoid socially undesirable or oppressive results. It may be agreed, where legislative language is ambiguous, and other rules of statutory construction do not control, the court should consider social and economic results. But in this instance we do not find the statutes involved to be ambiguous; no exemption is granted and the legislative intent is to impose a tax on residents of this state measured by taxable income *wherever derived*. In such case our duty is clear. We must follow the law as written. If it is socially or economically unsound, the power to correct it is legislative, not judicial. John Hancock Mutual Life Insurance Co. v. Neill, 79 Idaho 385, 319 P.2d 195 (1957).

. In her brief, taxpayer admits that true double taxation is not found in the facts in the case herein presented. However, she questions the right of the State of Idaho to compute a tax on the basis of her Oklahoma income in light of the Fourteenth Amendment to the United States Constitution.

■■ The Supreme Court of the United States has made it clear that a state has the power to tax in relation to a resident's income derived from sources outside the State and that there is nothing in the Federal Constitution to prevent the exercise of such power. Maguire v. Trefry, 253 U.S. 12, 40 S.Ct. 417, 64 L.Ed. 739 (1920); Lawrence v. State Tax Commn. of Miss., 286 U.S. 276, 52 S.Ct. 556, 76 L.Ed. 1102 (1932); New York ex rel. Cohn v. Graves, 300 U.S. 308, 57 S.Ct. 466, 81 L.Ed. 666 (1937). See also: Annot. 87 A.L.R. 380 (1933) and 85 C.J.S. Taxation § 1090, p. 702, n. 55 (1954). The rationale for allowing a state to compute a tax on income earned elsewhere is based on the premise that inhabitants are supplied many services by their state of residence and should contribute toward the support of the state, no matter where their income is earned. In Kopp v. Baird, 79 Idaho 152, 158, 313 P.2d 319, 321 (1957), we discussed a similar problem and quoted from C.J.S. as follows:

 ·" '* * * Domicile or residence within the state is a valid basis for the imposition of an income tax by the state. It is competent for a state to impose a tax on the income of a resident thereof, or a domestic corporation, whether such income be derived from sources within or outside the state. The enjoyment of the privileges of residence within the state and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the costs of government, and a tax measured by the net income of residents is an equitable method of distributing the burden of government among those privileged to enjoy its benefits. The tax is founded on the protection afforded by the state to the recipient of the income in his person, in his right to receive the income, and in his enjoyment of it when received; these are rights and privileges which attach to domicile within the state and the economic advantage realized by the receipt of income and the power to control it bear a direct relationship to the rights and privileges attached to domicile and to the equitable distribution of the tax burden. Neither the privilege nor the burden is affected by the character of the ·source from which the income is derived * * *' ".

Taxpayer's final contention is that the Idaho Income Tax Act should not be given

retroactive effect and that her income up to March 19, 1959, should be computed under the provisions of the Property Relief Act of 1931.

No question of statutory construction is present here. Section 84 of S.L.1959, ch. 299 clearly and concisely states that: "An emergency existing therefor, which emergency is hereby declared to exist, this act, upon its passage and approval, shall take effect and be in force retroactively from and after January 1, 1959."

The limited retroactivity of the Act to which taxpayer objects is characteristic of the generally accepted practice of making a tax law applicable, beginning usually on January 1, to that part of the year which precedes its enactment. As was stated in 85 C.J.S. Taxation § 1090, p. 713, " * * * an income tax law may apply retroactively to 'recent transactions' which includes the receipt of income during the year of the legislative session preceding that during which the income tax law was enacted. * * *" The constitutional validity of such retroactive provisions is well established. Holmes v. McColgan, 17 Cal.2d 426, 110 P.2d 428 (1941); United States Trust Co. v. Commissioner of Corps., 299 Mass. 296, 13 N.E.2d 6 (1938); Green & Milam v. State Revenue Commission, 188 Ga. 442, 4 S.E.2d 144 (1939); Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938).

Judgment affirmed. No costs allowed.

KNUDSON, C. J., McFADDEN and TAYLOR, JJ., and ANDERSON, D. J., concur.