913 P.2d 1157

**POTLATCH CORPORATION,**
Plaintiff–Respondent,

v.

**IDAHO STATE TAX COMMISSION,**
Defendant–Appellant.

**EXTENDED SYSTEMS, INC.,**
a Delaware corporation,
Plaintiff–Respondent,

v.

**IDAHO STATE TAX COMMISSION,**
Defendant–Appellant.

**Nos. 21725, 21624.**

Supreme Court of Idaho,
Boise, January 1996 Term.

March 18, 1996.

Alan G. Lance, Attorney General; Theodore V. Spangler, Deputy Attorney General (argued) Boise, for appellant.

Green Law Offices, Boise, for respondent Potlatch Corporation. Cumer L. Green argued.

Hamlin & Sasser, Boise, for respondent Extended Systems, Inc. Ronald D. Christian argued.

JOHNSON, Justice.

These are corporate tax cases. The sole question presented in each case is whether a corporate taxpayer may claim deductions on its state income tax returns that it did not claim on its federal income tax returns because it elected to claim federal tax credits. Based on the Idaho income tax statutes, we conclude that the taxpayers were not entitled to the deductions claimed on their state tax returns. In doing so, we distinguish *Bogner v. State Dep't of Revenue & Taxation*, 107 Idaho 854, 693 P.2d 1056 (1984).

**I.**

**THE BACKGROUND AND PRIOR PROCEEDINGS**

**A. Potlatch Corporation v. Tax Commission**

Section 409 of the Internal Revenue Code (now repealed) gave a taxpayer the option of

388

taking a tax credit (I.R.C. § 44G—redesignated § 41 in 1985, repealed in 1986) or a deduction (I.R.C. § 404) for contributions made to an employee stock ownership program (ESOP). If the taxpayer deducted the ESOP contributions, its federal taxable income was reduced by that amount. If the taxpayer took a credit, the amount of taxes owed was reduced by the amount of the credit. On its federal returns for the years 1983 to 1985, Potlatch Corporation (Potlatch) claimed an ESOP credit rather than taking a deduction.

The Idaho tax statutes do not contain a provision for tax credits for ESOP contributions. Therefore, Potlatch claimed its contributions as deductions on its state returns. The Idaho State Tax Commission (the Commission) ruled that Potlatch was not entitled to these deductions because it had not claimed the deductions on its federal returns.

Potlatch sued in district court pursuant to I.C. § 63–3049 (Supp.1995) seeking relief from the Commission's ruling. The district court ruled that Potlatch was entitled to the deductions for the ESOP contributions. After concluding that it need not defer to the Commission's decision under the analysis set forth in *J.R. Simplot Co., Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 820 P.2d 1206 (1991), the district court granted Potlatch summary judgment, ruling that the rationale of *Bogner* required that Potlatch not be denied a state deduction simply because it had elected a credit option at the federal level. The Commission appealed.

**B. Extended Systems, Inc. v. Tax Commission**

The Internal Revenue Code offers taxpayers either a credit or deduction for a portion of research and development expenses (R & D expenses). In 1990 and 1991, Extended Systems, Inc. (ESI) chose the credit option for R & D expenses pursuant to I.R.C. § 41. Pursuant to I.R.C. § 280C(c), ESI's deductions for R & D expenses on its federal income tax returns were reduced by the amount of the credit.

On its state income tax returns for those years, ESI deducted the full amount of the allowable R & D expenses from its income

that was attributable to Idaho. The Commission assessed a deficiency against ESI, ruling that a corporate taxpayer cannot claim deductions it did not take on its federal returns. ESI appealed the Commission's decision to the district court which granted ESI summary judgment, using the same rationale as in the Potlatch case. The Commission appealed.

This Court consolidated the two cases for oral argument on appeal.

## II.

### POTLATCH AND ESI ARE NOT ENTITLED TO THE DEDUCTIONS.

■ The Commission asserts that Potlatch and ESI are not entitled to the deductions the Commission denied. We agree.

We begin our analysis with the statute that declares the legislature's intent concerning the use of the Internal Revenue Code for state tax purposes.

It is the intent of the legislature by the adoption of this act, insofar as possible to make the provisions of the Idaho act identical to the provisions of the Federal Internal Revenue Code relating to the measurement of taxable income, to the end that the taxable income reported each taxable year by a taxpayer to the internal revenue service shall be the identical sum reported to this state *subject only to the modifications contained in the Idaho law;* to achieve this result by the application of the various provisions of the Federal Internal Revenue Code relating to the definition of income, exceptions therefrom, deductions [etc.]. . . .

I.C. § 63–3002 (Supp.1995) (emphasis added). The legislature has defined taxable income for state tax purposes, as follows:

The term "taxable income" means "taxable income" as *defined* in section 63 of the Internal Revenue Code, *adjusted* as follows: [several subsections follow]. . . .

I.C. § 63–3022 (1989) (emphasis added). The Internal Revenue Code defines taxable income for a corporation to mean "gross in-

come minus deductions *allowed* by [Chapter 1]." I.R.C. § 63(a) (emphasis added).

█ In construing these statutes, we are directed by *Bogner* "to enforce the law *as written.*" 107 Idaho at 856, 693 P.2d at 1058. If there is any ambiguity in the law concerning tax deductions, the law is to be construed strongly against the taxpayer. *Hecla Mining Co. v. Idaho Tax Comm'n,* 108 Idaho 147, 151, 697 P.2d 1161, 1165 (1985). Applying these principles of construction to the statutes that are involved in the present case, we conclude that federal taxable income is determined by deducting from gross income only those deductions "allowed" by chapter 1 of the Internal Revenue Code. Idaho taxable income is the same as federal taxable income, except that it is "adjusted" according to the subsections of I.C. § 63–3022. I.C. § 63–3002 indicates that this was the intent of the legislature.

While I.R.C. § 404 allowed Potlatch a deduction for ESOP contributions, I.R.C. § 44G(c)(5) disallowed this deduction to the extent of any credit taken for the same contributions. These are both portions of Chapter 1 of the Internal Revenue Code. Therefore, the deductions for ESOP contributions claimed by Potlatch were not "allowed" by Chapter 1 and were not subtracted from federal gross income in arriving at federal taxable income, as "defined" in I.R.C. § 63. Idaho taxable income means the same as federal taxable income, subject to adjustment as provided in the subsections of I.C. § 63–3022. There is no subsection of I.C. § 63–3022 that would adjust taxable income by allowing the ESOP contributions as deductions.

Likewise, while I.R.C. § 174 allowed ESI to deduct a portion of R & D expenses, I.R.C. § 280C(c) disallowed this deduction to the extent of any credit determined under I.R.C. § 41(a). All of these sections are part of Chapter 1 of the Internal Revenue Code. Therefore, the deductions for R & D expenses claimed by ESI and denied by the Commission were not "allowed" by Chapter 1 and were not subtracted from federal gross income in arriving at federal taxable income as "defined" in I.R.C. § 63. There is no subsection of I.C. § 63–3022 that would ad-

just taxable income by allowing these R & D expenses as deductions.

The denial of these deductions is not at odds with *Bogner.* In *Bogner,* the Court ruled that an individual taxpayer could claim a deduction on her state income tax return that she did not claim on her federal return because she took a tax credit instead. To support its conclusion, the Court relied on the following subsection of I.C. § 63–3022 which provided for an adjustment to state taxable income:

> In the case of natural persons, there shall be allowed as deductions from gross income either of the following at the option of the taxpayer: (1) the standard deduction as defined by section 63 Internal Revenue Code, or (2) itemized deductions as *defined* in sections 163, 164 ... Internal Revenue Code.

I.C. § 63–3022(1) (1980) (emphasis added).

In *Bogner,* the Court pointed out that "Section 164 of the Internal Revenue Code specifically *defines* foreign income taxes as an allowable deduction." 107 Idaho at 856, 693 P.2d at 1058 (footnote omitted) (emphasis added). The Court then concluded:

> Thus, it is clear that an Idaho resident on his or her state income tax form can deduct from taxable income itemized deductions as *defined* by various sections of the Internal Revenue Code, including § 164, regardless of whether they choose to do so on their federal returns.

*Id.* (emphasis added).

In *Bogner,* the Court found I.C. § 63–3022(1) to be dispositive because it referred to "itemized deductions as defined" in various sections of the Internal Revenue Code, without requiring that the deductions be "allowed" as provided in I.R.C. § 63. In the present case, there is no subsection of I.C. § 63–3022 comparable to I.C. § 63–3022(1) that would allow Potlatch and ESI to adjust their federal taxable income defined in I.R.C. 63 by deducting the ESOP contributions and R & D expenses which were not allowed by Chapter 1 of the Internal Revenue Code.

## III.

## CONCLUSION

We reverse the district court's judgments and affirm the Commission's denial of the deductions.

We award the Commission costs on appeal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.