25 P.3d 113

**IDAHO STATE TAX COMMISSION,
Plaintiff–Appellant,**

v.

**Robert A. and Mary L. STANG,
Defendants–Respondents.**

No. 26061.

Supreme Court of Idaho,
Coeur d'Alene, April 2001 Term.

May 23, 2001.

Hon. Alan G. Lance, Attorney General, Boise, for appellant. Charles E. Zalesky argued.

Andrew P. Doman, St. Maries, for respondents.

EISMANN, Justice.

The Idaho State Tax Commission appeals from a decision of the district court granting the respondents relief from having to pay Idaho income tax upon distributions from their individual retirement accounts (IRA's) because years earlier, while residents of California, they had paid California income tax upon the funds contributed to the IRA's. We reverse because the Idaho Tax Code does not provide for either a deduction, an exemption, or a tax credit in this situation.

## I.

## FACTS AND PROCEDURAL HISTORY

Prior to 1991, Robert and Mary Stang resided in California, and during the years 1982 through 1986 they contributed $11,250.00 to IRA's. They deducted those contributions from income on their federal income tax returns, and they deducted them on their California income tax returns in the years 1982 through 1984. In 1985 they were informed that California did not allow a deduction from state income taxes for their IRA contributions. The notice from the State of California Franchise Tax Board stated that the reason for disqualifying the deductions was as follows:

The deduction for an individual retirement arrangement (IRA) has been disallowed because you were an active participant in a qualified retirement plan. There are significant differences in state and federal law regarding this issue. For California tax purposes, an individual who is an active participant in a qualified corporate or self-employed (KEOGH) pension, profit sharing or stock-bonus plan, a retirement plan for government employees, or a tax-deferred (tax-sheltered) annuity cannot also claim a deduction for a contribution to an IRA during the same taxable year. You are considered an active participant in the plan whether or not your interest in the plan is vested.

As a result, the Stangs were required to pay California state income tax on the IRA contributions they made during the years 1982 through 1986. They still deducted those contributions on their federal income tax returns, however, thereby deferring any federal income tax until the funds were distributed to them from the IRA's.

In 1991 the Stangs moved to Idaho, and in 1995 they withdrew $8,000 from their IRA's, reporting that distribution as income on both their state and federal income tax returns. On their state income tax return, however, they also took a deduction in the sum of $8,000, explaining the deduction as follows:

$8,000 is the amount of our IRA's which we withdrew in 1995. All of our IRA contributions and the accrued interest took place in the 1980's while we were full-time residents and employees in California, and has nothing to do with Idaho. (We moved to Idaho in 1991.) Eventually, the IRA amounts withdrawn will include some interest accrued while we were Idaho resi-

dents and we will reflect this in future returns when it applies.

The Tax Commission disallowed the $8,000 deduction, and the Stangs appealed to the Idaho Board of Tax Appeals.

The Board of Tax Appeals held that it would not be fair for Idaho to tax the $8,000 distribution from the IRA's because California had previously imposed an income tax on that money when the Stangs contributed it to their IRA's. Believing that fairness entitled it to depart from the tax law, the Board granted the Stangs a credit against their 1995 Idaho income tax liability in an amount equal to the income taxes that they had paid to California on the $8,000.

The Tax Commission appealed to the district court, which hears such appeals *de novo* in the same manner as if they were original proceedings in the district court. I.C. § 63–3812(c). Both parties moved for summary judgment. The district court held that the distribution to the Stangs of money from their IRA's was not income. It reasoned that defining such distributions as income under the Internal Revenue Code is merely a fiction; that such distributions were actually income only in the years they were earned; and that because they were earned while the Stangs were California residents, there was not sufficient contact between Idaho and the Stangs to permit Idaho to tax such income. The district court therefore ordered the Tax Commission either to refund to the Stangs the taxes and penalties they paid in the sum of $636.04, plus accrued interest, or to grant the Stangs a credit in that amount against any other taxes they may owe to the Tax Commission. The Tax Commission then appealed to this Court.

## II.

### STANDARD OF REVIEW

■ In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Eagle Water Company, Inc. v. Roundy Pole Fence Co., Inc.*, 134 Idaho 626, 7 P.3d 1103 (2000). All disputed facts are to be construed liberally in favor of the non-

moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*

## III.

### ANALYSIS

■ The first issue is whether the distribution of the $8,000 from the IRA's constituted taxable income under the Idaho Income Tax Code. "Taxable income" is defined as "federal taxable income as determined under the Internal Revenue Code." I.C. § 63–3011B. The Stangs admit that the $8,000 distributed from their IRA's in 1995 was taxable income under the Internal Revenue Code and that they included such sum as taxable income in their 1995 federal income tax return. "Idaho taxable income" is defined as "taxable income as modified pursuant to the Idaho adjustments specifically provided in this chapter." I.C. § 63–3011C. The Stang's admit that no provision of the Idaho Income Tax Code specifically provides that the $8,000 can be deducted or exempted from Idaho taxable income. Therefore, the $8,000 distribution is "Idaho taxable income" under the Idaho Income Tax Code.

■ The Stangs urge this Court to "construe" the Idaho Income Tax Code in a manner that would permit the Stangs to avoid paying Idaho income tax on the $8,000 distribution. They argue that because the Idaho Income Tax Code does not expressly address this situation, this Court should be free to construe the tax code in a manner that would prevent the Stangs from having to pay taxes to both California and Idaho on the same monies. When construing the provisions of the Idaho Income Tax Code, however, we must enforce the law as written. *Potlatch Corp. v. Idaho State Tax Comm'n*, 128 Idaho 387, 913 P.2d 1157 (1996). If there is any ambiguity in the law concerning tax deductions, the law is to be construed strongly against the taxpayer. *Id.* This Court has no

authority to rewrite the tax code. *Bogner v. State Dep't of Revenue and Taxation*, 107 Idaho 854, 693 P.2d 1056 (1984). Any exemption from taxation must be created or conferred in clear and plain language and cannot be made out by inference or implication. *Herndon v. West*, 87 Idaho 335, 393 P.2d 35 (1964). This Court does not have the authority to create deductions, exemptions, or tax credits. If the provisions of the tax code are socially or economically unsound, the power to correct it is legislative, not judicial. *Id.*

There is no ambiguity in the applicable provisions of either the Idaho Income Tax Code or the Internal Revenue Code. Distributions from an IRA are includable as taxable income in the year of the distribution, and there is no provision in either the Idaho or the federal income tax code permitting such distributions to be deducted from income in instances where the taxpayer had not been granted a deduction for the contributions to the IRA at the time they were made.

The Stangs also contend that the Due Process Clause of the Fourteenth Amendment and the Commerce Clause of the Constitution of the United States prohibit Idaho from taxing the $8,000 distribution from their IRA's. They argue that Idaho cannot have a sufficient nexus to permit such taxation under the federal constitution because Idaho did not, and could not, give them a deduction or tax deferment when they made the contributions to their IRA's.

■■■■ At the time the Stangs received the $8,000 distribution as income, they were residents of Idaho. That provides a sufficient nexus under the Commerce Clause for Idaho to tax their income. "Domicile itself affords a basis for such taxation." *New York ex rel. Cohn v. Graves*, 300 U.S. 308, 57 S.Ct. 466, 81 L.Ed. 666 (1937) (New York could tax income received by one of its residents from the rental of real property located in another state); *Lawrence v. State Tax Comm'n of Miss.*, 286 U.S. 276, 279, 52 S.Ct. 556, 557, 76 L.Ed. 1102, 1105 (1932) (Mississippi could tax income earned by one of its residents from activities carried on in another state); *Herndon v. West*, 87 Idaho 335, 393 P.2d 35 (1964)

(Idaho could tax income earned by one of its residents from business partnership located in another state).

■■■■ The Due Process Clause does not prohibit Idaho from taxing the distribution even though California had previously taxed the money when they contributed it to the IRA's. "[T]he Fourteenth Amendment does not prohibit double taxation." *Cream of Wheat Co. v. Grand Forks County*, 253 U.S. 325, 330, 40 S.Ct. 558, 560, 64 L.Ed. 931, 934 (1920). In *Guaranty Trust Co. of New York v. Commonwealth of Virginia*, 305 U.S. 19, 59 S.Ct. 1, 83 L.Ed. 16 (1938), New York taxed income received by a trust in that state, and Virginia taxed that portion of the income distributed to a beneficiary residing in Virginia. The trustees then brought an action to recover the state income taxes paid to Virginia. In holding that the Fourteenth Amendment did not prohibit two states from imposing income taxes on the same income, the United States Supreme Court stated, "Here, the thing taxed was receipt of income within Virginia by a citizen residing there. The mere fact that another state lawfully taxed funds from which the payments were made did not necessarily destroy Virginia's right to tax something done within her borders." *Id.* at 23, 59 S.Ct. at 3, 83 L.Ed. at 19. Likewise, in *Hellmich v. Hellman*, 276 U.S. 233, 48 S.Ct. 244, 72 L.Ed. 544 (1928), the issue was whether the federal government could tax both the profits of a corporation and the amounts distributed to its stockholders from those profits upon the dissolution of the corporation. In holding that the government could impose income taxes both upon the profits of the corporation and upon those same profits when they were distributed to the stockholders, the United States Supreme Court concluded, "When, as here, Congress has clearly expressed its intention, the statute must be sustained even though double taxation results." *Id.* at 238, 48 S.Ct. at 246, 72 L.Ed. at 547.

In summary, the distribution of the $8,000 from the Stangs' IRA's while they were residents of Idaho was taxable income under the Idaho Income Tax Code. Although they had paid income taxes to California on the sums

that they contributed to their IRA's, Idaho law does not provide a deduction, exemption, or tax credit in that situation. Any such deduction, exemption, or tax credit must come from the legislature, not from the judiciary. Idaho's taxation of the distribution does not violate either the Due Process Clause of the Fourteenth Amendment or the Commerce Clause of the Constitution of the United States. Therefore, the distribution was Idaho taxable income and the Stangs must pay Idaho income tax on that sum.

## IV.

## CONCLUSION

The judgment of the district court is reversed, and this case is remanded to the district court for a determination of the current amount, if any, due to the Idaho State Tax Commission. Costs are awarded to the Idaho State Tax Commission.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL concur.