## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 51332

EAST SIDE HIGHWAY DISTRICT, )
LAKES HIGHWAY DISTRICT, )
POST FALLS HIGHWAY DISTRICT, )
and WORLEY HIGHWAY DISTRICT, )
political subdivisions of the State of )
Idaho, )
)
    Petitioners-Respondents, )
)
v. )
)
KOOTENAI COUNTY, an Idaho )
municipal corporation; and STEVEN D. )
MATHESON, in his capacity as )
Treasurer for Kootenai County, Idaho, )
)
    Respondents-Appellants. )

        **Boise, May 2025 Term**

CITY OF POST FALLS, an Idaho )
municipal corporation, and CITY OF )
COEUR D'ALENE, an Idaho municipal )
corporation, )
)
    Plaintiffs-Respondents, )
)
v. )
)
KOOTENAI COUNTY, a body )
corporate and political subdivision of )
the State of Idaho; STEVEN D. )
MATHESON, in his official capacity as )
Treasurer and Ex Officio Tax Collector )
of Kootenai County; and JENNIFER )
J. LOCKE, in her official capacity as )
Ex Officio Auditor of Kootenai County, )
)
    Defendants-Appellants. )

        **Opinion Filed: July 9, 2025**

        **Melanie Gagnepain, Clerk**

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard S. Christensen, District Judge.

The judgment of the district court is <u>affirmed</u>.

Kootenai County Prosecutor's Office, Civil Division, for Appellants. Patrick M. Braden argued.

James, Vernon, & Weeks, P.A., Coeur d'Alene, for Highway Districts Petitioners-Respondents. Joseph G. Huston argued.

Smith & Malek, Coeur d'Alene; Riverside Law Group, PLLC, Spokane, for City of Post Falls and City of Coeur d'Alene Plaintiffs-Respondents. Tara Malek argued.

_____

BEVAN, Chief Justice.

This appeal concerns late charges and interest associated with delinquent property taxes and asks us to determine which government entities are entitled to these funds. In a suit brought by several local taxing districts[1] within Kootenai County, Kootenai County argued that it may keep all the late charges and interest assessed by taxing districts to account for its cost of collecting such funds. The local taxing districts argued that they are entitled to a proportionate share. The district court ruled in favor of the local taxing districts and ordered the County to give the taxing districts their proportionate share of late charges and interest. As set forth below, we affirm the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are straightforward. East Side Highway District, Post Falls Highway District, Worley Highway District, the City of Coeur d'Alene, and the City of Post Falls (collectively "Respondents") are taxing districts within Kootenai County. Pursuant to Idaho law, taxing districts have the right to levy ad valorem taxes on property owners within the district. I.C. § 63-3101. Counties are required by law to collect these taxes in connection with their annual levy of local property taxes and distribute the revenue to the various taxing districts. *See* I.C. §§ 31-2102(1), 63-811(1), 63-812. A property owner who fails to pay the required tax is assessed a statutory late charge and interest. Historically, Kootenai County paid each taxing district its proportionate share of the collected late charges and interest.

---

[1] "A taxing district within the meaning of this act is any county, any political subdivision of the state, any municipal corporation, including specially chartered cities, any school districts, including specially chartered school districts, any quasi-municipal corporation, or any other public corporation authorized by law to levy taxes, now or hereafter organized." Idaho Code § 63-3101.

In late July 2022, Steven Matheson, Treasurer and *ex officio* Tax Collector for Kootenai County, informed Respondents that the County would be retaining the entirety of the collected late charges and interest to cover its costs of collection. Respondents voiced their objections to Matheson. Matheson concluded that the interest and late charges belonged to the County. As a result, the City of Coeur d'Alene estimated it would lose around $70,000 of funding per year.

Respondents filed claims against Kootenai County and Matheson. The Highway Districts sought a declaratory judgment and a writ of mandamus, while in a separate case the Cities sought a declaratory judgment, injunctive relief, a writ of mandamus, and a writ of prohibition. Although each suit was somewhat distinct, the requested relief was functionally the same: 1) a declaratory judgment that the County is required to distribute late charges and interest in proportionate share to the taxing districts, and 2) a writ of mandamus requiring Matheson to do so. Respondents separately moved for summary judgment and judgment on the pleadings. Kootenai County also moved for judgment on the pleadings. The cases were then consolidated.

Following a hearing on the parties' motions, the district court agreed with Respondents' arguments and granted their motions for summary judgment and judgment on the pleadings. The district court first considered Idaho Code section 63-1015 and determined the amount paid on an account in delinquency shall be paid to the county treasury to be apportioned as provided by state law to state and county funds and the taxing districts. To determine the meaning of "amount paid," the district court turned to Idaho Code section 63-1007(1), which states that "[i]n order to redeem real property, the record owner or owners, or party in interest, shall pay any delinquency including the late charges, accrued interest, and costs . . . ." Construing the two provisions together, the district court concluded the County is required to distribute to Respondents their proportionate share of interest and late charges. The district court also examined the statute specifically applicable to highway districts, which provides that highway districts are entitled to a proportionate share of "delinquent district taxes, interest and costs on all . . . redemptions . . . ." I.C. § 40-805.

The County moved to reconsider on the grounds that the district court's interpretation of the relevant statutes was erroneous. The district court denied this motion but clarified that Kootenai County had a right to retain a portion of the funds to cover its collection costs while the remaining interest and late charges must be apportioned to the taxing districts. The court awarded Respondents attorney fees under Idaho Code section 12-117(4). Kootenai County appealed.

Bonneville County and the Idaho Association of Counties filed briefs as amici curiae supporting Kootenai County. The Association of Idaho Cities, the City of Idaho Falls, and four public school districts within Kootenai County filed briefs as amici curiae supporting the taxing districts.[2]

## II. ISSUES ON APPEAL

1. Which government entities are entitled to late charges and interest associated with delinquent property taxes.

2. Whether the district court erred in awarding attorney fees to Respondents.

3. Whether any party is awarded attorney fees on appeal.

## III. STANDARD OF REVIEW

We apply the same standard of review to motions for judgment on the pleadings and motions for summary judgment. *BABE VOTE v. McGrane*, 173 Idaho 682, 690, 546 P.3d 694, 702 (2024). Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Budget Truck Sales, LLC v. Tilley*, 163 Idaho 841, 846, 419 P.3d 1139, 1144 (2018). If there is no genuine dispute over a question of material fact, this Court exercises free review over the remaining question of law. *Id.* The interpretation of a statute is a question of law over which we exercise free review. *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 581, 416 P.3d 951, 953 (2018).

We review an award of attorney fees under the abuse of discretion standard. *Yellowstone Log Homes, LLC v. City of Rigby*, 173 Idaho 288, 293, 540 P.3d 990, 995 (2023). A district court does not abuse its discretion if it: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## IV. ANALYSIS

With no disputed issues of material fact, this case presents a purely legal question: which government entities are entitled to the interest and late charges associated with delinquent property taxes. Before answering this question, an overview of the property taxation process is warranted.

Entities authorized to levy taxes on real properties are called "taxing districts." I.C. § 63-3101. Taxing districts include, but are not limited to, fire protection districts, I.C. § 31-1423;

---

[2] Those school districts are: the Coeur d'Alene School District #271, the Lakeland Joint School District #272, the Post Falls School District #273, and the Plummer Worley School District #44.

highway districts, I.C. § 40-801; cities, I.C. § 50-235; and irrigation districts, I.C. § 43-704. Authority to collect property taxes has been delegated to Idaho counties. I.C. § 63-812. The county treasurer, as *ex officio* tax collector, must calculate, collect, and account for taxes received, including those levied by a taxing district. *See* I.C. §§ 31-2102; 63-811; 63-812. County officials "act as agents" when collecting property taxes owed to other taxing districts. *Hamilton v. Vill. of McCall*, 90 Idaho 253, 260, 409 P.2d 393, 397 (1965) (citing *Bagley v. Gilbert*, 63 Idaho 494, 122 P.2d 227, 231 (1942)).

Property taxes are generally due on or before December 20 of the year the tax is levied. I.C. § 63-903(1). A delinquency occurs when property tax is not paid within the time limits. I.C. § 63-201(7). Thus, to avoid delinquency, "total payment must be made in full to the county tax collector by the due date." I.C. § 63-1001. Delinquencies are charged 1% interest per month, I.C. § 63-1001, and a late charge of 2%. I.C. §§ 63-903(3)–(4); 63-201(12) (defining "late charge"). "Any delinquency shall have the force and effect of a sale to the county tax collector as grantee in trust for the county of the property described." I.C. § 63-1001. "Any payment on a delinquency is, in effect, a partial redemption of the property from tax sale." *Id.*

To redeem the property in delinquency, the property owner "shall pay any delinquency including the late charges, accrued interest, and costs, including, but not limited to, title search and other professional fees." I.C. § 63-1007(1). Partial payments are applied to "costs, collection costs, special assessments, charges, fees, interest, late charges and property tax in the proportion each bears to the total amount due." I.C. § 63-1002. The last step in the process is found in Idaho Code section 63-1015, titled "Apportionment of proceeds from redemption." That section reads:

> Upon the redemption from tax sale of any property described in any delinquency entry, the amount paid on account of such redemption, shall be paid into the county treasury by the tax collector, upon the certificate of the county auditor, to be apportioned among the several state and county funds and taxing districts, as provided for the apportionment of property taxes.

I.C. § 63-1015.

Kootenai County argues that section 63-1015 specifies that *taxes* paid on a redemption are to be apportioned among the various taxing districts. The County argues that the district court erred when it also required the County to apportion the *interest and late charges* paid to redeem a property. The County seeks to retain such amounts as compensation for the costs it incurs to collect delinquent taxes. It argues the statutory language is ambiguous, and then points to canons of construction, legislative history, and public policy to support its proposed interpretation. It also

argues that Idaho Code section 63-1301, which says that Title 63 applies to all taxing districts, conflicts with Idaho Code section 40-805, which is specific to highway districts. As a result, according to the County, the later enacted statute, section 63-1015, controls and supersedes section 40-805.

Respondents note that section 63-1015 states that "the amount paid on account of such redemption" shall be "apportioned among the several state and county funds and taxing districts, as provided for the apportionment of property taxes." They argue that this must be read along with section 63-1007, which governs payment of delinquent taxes, "including the late charges, accrued interest, and costs . . . ." I.C. § 63-1007(1). The Cities argue that reading these statutes alongside each other does not mean that the provision at issue is ambiguous. The Highway Districts also assert that the district court correctly interpreted Idaho Code section 40-805, which requires counties to distribute late charges and interest to highway districts.

Our approach to statutory interpretation is well established:

> Interpretation of a statute begins with an examination of the statute's literal words. Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction. Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations.

*City of Idaho Falls*, 163 Idaho at 582, 416 P.3d at 954. "The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings." *Id.* "[T]he Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *TCR, LLC v. Teton Cnty.*, 174 Idaho 624, 641, 559 P.3d 302, 319 (2024) (quoting *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020)). "A statute is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *City of Idaho Falls*, 163 Idaho at 582, 416 P.3d at 954 (quotation marks and citation omitted). "A statute is not ambiguous merely because an astute mind can devise more than one interpretation of it." *Ada Cnty. Prosecuting Att'y v. 2007 Legendary Motorcycle*, 154 Idaho 351, 354, 298 P.3d 245, 248 (2013) (alteration and citation omitted).

A.      **The County must share late charges and interest proportionately with other taxing districts.**

Kootenai County argues that Idaho Code section 63-1015 is ambiguous because two plausible interpretations exist. The first is that section 63-1015 requires only taxes to be

apportioned among taxing districts. The second is that section 63-1015 requires interest and late charges to be apportioned among taxing districts as well.

Idaho Code section 63-1015 provides:

> Upon the redemption from tax sale of any property described in any delinquency entry, *the amount paid on account of such redemption*, shall be paid into the county treasury by the tax collector, upon the certificate of the county auditor, *to be apportioned among the several state and county funds and taxing districts, as provided for the apportionment of property taxes*.

(Emphasis added). On its face, the statute is silent about interest or late charges. It simply provides that the "amount paid on account of such redemption" will be paid into the county treasury "to be apportioned among the . . . taxing districts, as provided for the apportionment of property taxes." *Id.* To determine what "the amount paid on redemption" means, we must consult a different section of Idaho Code.

Idaho Code section 63-1007(1) provides that a property owner may redeem a property up to the time the county commissioners enter into a contract to sell the property or the property has been transferred by county deed by paying "any delinquency including the late charges, accrued interest, and costs, including, but not limited to, title search and other professional fees." I.C. § 63-1007(1). "Delinquency" is a defined term and means "any property tax, special assessment, fee, collection cost, or charge collected in the same manner as property tax, that has not been paid in the manner and within the time limits provided by law." I.C. § 63-201(7). Kootenai County argues that section 63-1015 is ambiguous because we must look to section 63-1007 to determine the meaning of section 63-1015. We disagree.

"[S]tatutory language cannot be construed in a vacuum." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989); *see also Idaho Ass'n of Realtors, Inc. v. City of Lava Hot Springs*, No. 50888, 2025 WL 1450018, at *4 (Idaho May 21, 2025) ("Language of a particular section need not be viewed in a vacuum. And all sections of applicable statutes must be construed together so as to determine the legislature's intent." (quoting *Friends of Farm to Mkt. v. Valley Cnty.*, 137 Idaho 192, 197, 46 P.3d 9, 14 (2002))). Indeed, statutory interpretation often requires looking at other sections of the statutory scheme. *See Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 320 (2014) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (quotation marks and citation omitted)). "A statutory provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme because only one of the permissible meanings produces a substantive effect that is compatible with

6

the rest of the law." *Id.* at 321 (citation modified). Taking the County's position to its extreme, every statute with a separate "definitions" section from its operative provision would be ambiguous.

We note that looking at companion statutes to discern the meaning of a word or phrase is different than engaging in statutory construction. A well-known canon of statutory construction is "that statutes relating to the same subject—or those that are *in pari materia*—must be construed together." *In re Adoption of Doe*, 156 Idaho 345, 350, 326 P.3d 347, 352 (2014). When a statute is ambiguous, the *in pari materia* canon permits this Court to look to companion statutes to give effect to legislative intent. *Id.* In contrast, if we determine the language is unambiguous and the statutory scheme is "coherent and consistent" after considering the word or phrase itself, the specific context in which its used, and its place in the overall statutory scheme, the "inquiry must cease." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). In that instance, we have no need for rules of construction, including the *in pari materia* canon, because the statutory scheme is coherent and consistent and therefore the language has only one reasonable meaning.

Section 63-1015 does two things. First, it identifies a pool of funds. Second, it provides a method for distributing those funds. "Upon the redemption from tax sale of any property described in any delinquency entry, *the amount paid on account of such redemption*, shall be paid into the county treasury by the tax collector . . . ." I.C. § 63-1015 (emphasis added). The pool of funds is identified as the "amount paid" on redemption of a property in delinquency. Section 63-1007(1) provides that interest and late charges make up part of the "amount paid" to redeem a property.

The County argues that the words "amount paid" are ambiguous. But the County ignores the rest of that phrase: "amount paid *on account of such redemption*." I.C. § 63-1015 (emphasis added). The plain language of section 63-1007(1) indicates that the amount paid to redeem a property in delinquency includes more than just the past-due property taxes. When a property owner redeems a property, "any delinquency shall be applied to costs, collection costs, special assessments, charges, fees, interest, late charges and property tax in the proportion each bears to the total amount due." I.C. § 63-1002. The amount paid for redemption—whether in part or in full—includes late charges and interest.

Section 63-1015 also directs that the late charges and interest are to be distributed to the various taxing districts, not retained by the County. The amount paid on redemption of a property in delinquency is "to be apportioned among the several state and county funds and taxing districts,

7

*as provided for the apportionment of property taxes*." I.C. § 63-1015 (emphasis added). The County argues the emphasized language conveys that only delinquent taxes are to be apportioned. But this argument falls flat. The "amount paid" includes interest and late charges. Section 63-1015 has identified which funds are to be distributed. The statutory phrase, "as provided for the apportionment of property taxes," *id*., simply provides the manner for apportionment of all amounts due. Interest and late charges are to be apportioned in the same manner as property taxes.

The grammatical structure of section 63-1015 reinforces this reading. The subject of the statute's single sentence is "the amount paid on account of such redemption." The statute's verb phrases command that the "amount paid" "shall be paid into the county treasury" and is "to be apportioned among the several state and county funds and taxing districts, as provided for the apportionment of property taxes." The two verb phrases act upon the single noun, the amount paid on redemption, and command two acts related to those funds: a transfer to the county and future apportionment as provided for the apportionment of property taxes.

This understanding of section 63-1015 tracks Idaho Code section 40-805, which entitles highway districts to "all moneys then due to the district, including all the district's proportionate amount of delinquent district taxes, interest and costs on all tax sales and redemptions from them." I.C. § 40-805. Idaho Code section 63-1015 establishes the "moneys due" to highway districts as referenced in section 40-805. *See also* I.C. § 63-1301 (applying Title 63 to all "general and special taxes of any taxing district"). The two statutes work together; sections 40-805 and 63-1015 are not in irreconcilable conflict, as the County suggests.

The County spends much of its brief discussing collection costs. The County argues that the expenses it incurs to collect delinquent property taxes far exceed statutory "collection costs" and, therefore, it needs all of the interest and late charges to be made whole. The district court, applying Idaho Code section 63-1314, concluded it entitles the County to retain collection costs:

> Costs and fees for professional services incurred by the county in the collection of property taxes are a perpetual lien on the property and may be attached to the property taxes, current and delinquent.
>
> Such professional services shall include, but not be limited to, attorney fees and title searches.

I.C. § 63-1314. Respondents do not deny that the County is entitled to recover its collection costs.

To the extent the County and amici ask this Court to effectively rewrite the operative statutes to reflect their preferred public policy positions, we decline this invitation. As we have

held before, "[w]e must follow the law as written. If it is socially or economically unsound, the power to correct it is legislative, not judicial." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 895, 265 P.3d 502, 508 (2011) (quoting *Herndon v. West*, 87 Idaho 335, 339, 393 P.2d 35, 37 (1964)). We hold that Idaho Code sections 63-1007(1) and 63-1015 unambiguously provide that late charges and interest must be apportioned to taxing districts. Counties are entitled to recover their collection costs. If the amount of collection costs is insufficient to make the County "whole," that is a matter for the County to address with the legislature.

**B.     Whether interest and late charges are "idle funds" under Idaho's Public Depository Law is not appropriately before this Court.**

In the proceedings below, Respondents did not request a declaration regarding Idaho's Public Depository Law as codified in Idaho Code sections 57-101 through 57-145. Nor did Kootenai County reference the Public Depository Law in its answers to Respondents' petitions. Respondents simply requested a declaration that the County Treasurer may not withhold interest and late charges. The County argued at summary judgment that interest and late charges are "idle or surplus funds," entitling the County to invest the funds and retain interest in accordance with Idaho's Public Depository Law. The district court rejected this argument and characterized the funds collected by the County and owed to the taxing districts as "anticipated expenditures" and not idle funds. That said, the district court granted Respondents' request for a writ of mandamus and ordered Matheson to pay the taxing districts their proportionate share of interest and late charges without addressing the Public Depository Law in its judgment.

While both the County and Respondents addressed this question in their appellate briefs, we will not address the issue here. The Public Depository Law was not essential to the district court's conclusion we have addressed. As a result, the district court's discussion of this issue was, at most, dicta. And, most importantly, the district court's ruling was not made part of the judgment which we affirm today, so it has no force or effect.

**C.     The district court did not err in awarding attorney fees to Respondents.**

The district court awarded attorney fees to Respondents under Idaho Code section 12-117(4). That provision reads:

> In any civil judicial proceeding involving as adverse parties a governmental entity and another governmental entity, the court *shall award* the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses. For purposes of this subsection, "governmental entity" means any state agency or political subdivision.

I.C. §12-117(4) (emphasis added). Kootenai County argues, citing *Ada County v. City of Garden City ex rel. Garden City Council*, that section 12-117 contains an implicit clause limiting attorney fees to cases brought without a reasonable basis in law or fact. 155 Idaho 914, 318 P.3d 904 (2014). In *Ada County*, this Court cited section 12-117 and quoted subsection (1), which explicitly states that fees shall be awarded if the court finds "the nonprevailing party acted without a reasonable basis in fact or law." *Id.* at 919, 318 P.3d at 909. We declined to award attorney fees because we found the respondents, although government entities, "raised a legitimate concern." *Id.* at 920, 318 P.3d at 910. Kootenai County argues that subsection (4) was not in section 12-117 at the time *Ada County* was decided in the district court, but the legislature had added it to the statute by the time this Court issued its decision. Since the Court quoted subsection (1) and not (4), the County contends that in a suit between governmental entities, attorney fees should be awarded only if the non-prevailing party acted without a reasonable basis in law or fact. Kootenai County is mistaken.

While subsection (4) was part of the statute at the time of this Court's decision in *Ada County*, nothing in this Court's opinion suggests that the parties argued that subsection (4) applied to the issues presented. This Court is bound by the parties' arguments and does not go beyond those when issuing a decision, particularly one involving attorney fees. *See Marlar v. Gearhart*, ___ Idaho ___, ___, 564 P.3d 1195, 1202 (2025) ("This Court will not consider a request for attorney fees on appeal that is not supported by legal authority or argument."); *Oksman v. City of Idaho Falls*, 173 Idaho 839, 855, 549 P.3d 1086, 1102 (2024) (because plaintiff did not raise attorney fees on appeal in her first appellate brief, this Court would not consider her request). Thus, the lack of any reference to subsection (4) in *Ada County* is of no moment.

Idaho Code section 12-117(1) applies to "any proceeding involving as adverse parties a state agency or a political subdivision and a person." I.C. § 12-117(1). This is not such a proceeding because none of the parties is a "person." *See* I.C. § 12-117(6)(c) (defining "person" as "any individual, partnership, limited liability partnership, corporation, limited liability company, association or any other private organization"). The case at bar is, instead, a "judicial proceeding involving as adverse parties a governmental entity and another governmental entity." I.C. § 12-117(4). "[G]overnmental entity" means any state agency or political subdivision. *Id.* Cities, counties, and taxing districts are all "political subdivisions." I.C. § 12-117(6)(d). Subsection (4) provides that the prevailing party in a suit in which government entities are adverse parties "shall" be awarded attorney fees. There is no "without a reasonable basis in fact or law" clause in

10

subsection (4) and we decline to insert one. We simply apply the unambiguous statute as written. *Labrador v. Idaho State Bd. of Educ.*, 174 Idaho 790, 815, 560 P.3d 533, 558 (2024). Accordingly, the district court did not err when it awarded attorney fees to Respondents without first finding that the County acted without a reasonable basis in law or fact.

**D.      Respondents are entitled to attorney fees on appeal**

For the reasons just discussed, Respondents are also entitled to attorney fees on appeal. Although Kootenai County has presented a legitimate issue, Idaho Code section 12-117(4) provides that the prevailing party in a suit between governmental entities is entitled to attorney fees. Because Respondents have prevailed in this appeal, we award them attorney fees. Respondents are also entitled to costs pursuant to Idaho Appellate Rule 40.

## V. CONCLUSION

For all these reasons, we affirm the judgment of the district court. Respondents are awarded attorney fees under Idaho Code section 12-117(4) and costs pursuant to Idaho Appellate Rule 40.

Justices BRODY, MOELLER, ZAHN and Judge SCOTT, *pro tem* CONCUR.