637 P.2d 1164

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Genaro CARDONA, Defendant-Appellant.**

**No. 13292.**

Supreme Court of Idaho.

Nov. 19, 1981.

---

Kenneth F. Clarke, Blackfoot, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before BAKES, C. J., McFADDEN, DONALDSON and SHEPARD, JJ., and McQUADE, J. Pro Tem.

PER CURIAM.

■ Genaro Cardona pled guilty to a charge of assault with a deadly weapon. I.C. § 18–906. The district court imposed an indeterminate sentence of two years on the charge of assault with a deadly weapon, and imposed an additional sentence of three years under the felony firearm statute, I.C. § 19–2520, to run consecutively to the first sentence. Cardona appeals from the imposition of the consecutive sentences. The sole issue presented on appeal is whether I.C. § 19–2520 unconstitutionally removes the discretionary authority of the courts in sentencing.[1]

■ I.C. § 19–2520 (enacted in 1977), the felony firearm statute, provides as follows:

"Any person convicted of a violation of [Idaho Code] sections 18–906 (assault with a deadly weapon) [and other enumerated felonies], . . . . who carried, displayed, used, threatened, or attempted to use a firearm while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed for the above cited crimes.

For the purpose of this section, 'firearm' means any deadly weapon capable of ejecting or propelling one or more

---

1. Cardona also lists as an issue whether the courts of this state are without the proper and necessary facilities for handling a prisoner with mental health problems such as himself. Cardona presents no authority nor argument on this issue, and we therefore will not consider the issue. *Matter of Freeburn's Estate*, 101 Idaho 739, 620 P.2d 773 (1980).

projectives [projectiles] by the action of any explosive or combustible propellant, and includes unloaded firearms and firearms which are inoperable but which can readily be rendered operable.

The section shall apply even in those cases where the use of a firearm is an element of the offense."

Cardona argues that this legislative act, making the imposition of an additional three year sentence mandatory, violates the doctrine of separation of powers. We hold that it does not.

Cardona cites *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971), for the proposition that mandatory sentencing laws violate the constitutional doctrine of separation of powers. *See* 73 A.L.R.3d 474 (1976). The *McCoy* case involved the constitutionality of I.C. § 49–1102(d), which provided:

"Every person who is convicted of a violation of this section shall be punished by imprisonment in the county or municipal jail for not more than six (6) months or by fine of not more than three hundred dollars ($300) or by both such fine and imprisonment. *Every person convicted under this section shall serve at least ten (10) days in the county or municipal jail and this sentence shall be mandatory on every judge of every court of the state of Idaho without any right to exercise judicial discretion in said matter,* except that the judge may allow said jail sentence to be served within a six (6) week period from the date of conviction in any segments of time not less than one (1) day consisting of twenty-four (24) hours at each time. On a second or consequent conviction he shall be imprisoned in the state penitentiary for not more than five (5) years." (Emphasis added.)

The court held the mandatory ten day jail sentence provided by I.C. § 49–1102(d) for driving while intoxicated, without any right of the courts to exercise judicial discretion,

to be unconstitutional. 94 Idaho at 241, 486 P.2d at 252. In so holding, the court stated:

"[W]e perceive that the authority possessed by the courts to sentence necessarily includes the power to suspend the whole or any part of that sentence in proper cases and this is more than a bare rule of substantive law subject to change by the legislature. Rather, it is in the nature of an inherent right of the judicial department and one which the separation of powers concept in our system of government places above and beyond the rule of mandatory action imposed by legislative fiat." 94 Idaho at 240, 486 P.2d at 251.

It is our conclusion that the reasoning and conclusion in the *McCoy* decision is inapposite to the instant case. Unlike the statute involved in *McCoy*, I.C. § 19–2520 does not by its terms make the carrying of a firearm during a felony a separate felony nor fix a mandatory sentence for such additional crime (see *Wayne County Prosecutor v. Recorders Court Judge*, 406 Mich. 374, 280 N.W.2d 793 (1979)), nor does it remove the sentencing court's authority under I.C. § 19–2601 to commute, suspend or withhold a sentence. Rather, in scope and application, I.C. § 19–2520 can be analogized to the habitual offender statute,[2] which this court has found to be constitutional. *Balla v. State*, 98 Idaho 344, 563 P.2d 402 (1977); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *State v. Dunn*, 91 Idaho 870, 434 P.2d 88 (1967); *State v. Johnson*, 86 Idaho 51, 383 P.2d 326 (1963); *State v. Prince*, 64 Idaho 343, 132 P.2d 146 (1942); *In re Bates*, 63 Idaho 748, 125 P.2d 1017 (1942).

In summary, I.C. § 19–2520 simply renders a person convicted of certain felonies liable to punishment in excess of that which might have been imposed upon him had he not used or possessed a firearm in the commission of the crime. It in no way in-

---

**2.** The habitual offender statute, I.C. § 19–2514, provides as follows:

"Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of

Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life."

fringes upon the authority of a court to commute, suspend or withhold a sentence as provided by I.C. § 19–2601.[3]

There is no constitutional conflict as was found in the case of *State v. McCoy, supra.*

The judgment of conviction and sentence is affirmed.

---

**3.** Idaho Constitution, Art. 5, § 13, was amended November 7, 1978, to provide "that the legislature can provide mandatory minimum sentences for any crimes ...." The crime involved here was committed on August 30, 1978. Cardona argues that application of the amendment to this case would constitute imposition of an ex post facto law. In view of our holding that I.C. § 19–2520 is constitutional, we need not address the effect of the amendment to Art. 5, § 13, of the Idaho Constitution.