645 P.2d 369

STATE of Idaho, Plaintiff-Respondent,

v.

Harold E. SMITH, Defendant-Appellant.

STATE of Idaho, Plaintiff-Respondent,

v.

Frederick J. LEE, Jr., and Michael L. McKaughen, Defendant-Appellant.

Nos. 13674, 13677.

Supreme Court of Idaho.

May 14, 1982.

Klaus Wiebe and Debra Loy, Boise, for defendants-appellants.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

This opinion considers the consolidated appeals of *State v. Smith*, No. 13674 and *State v. Lee*, No. 13677 which raised questions concerning the validity of I.C. § 19–2520.

### I.

*State v. Smith.* Harold E. Smith pleaded guilty to a two-count information which charged attempted robbery, I.C. § 18–6501, –306, and the possession of a firearm during the commission of the charged attempt. Smith was sentenced as to the attempted robbery, Count I "for the term of not to exceed fifteen (15) years . . . . As to Count II [possession of the firearm] . . . for a term of not to exceed five (5) years, with sentence to run consecutive with term in Count I." The five-year sentence was imposed pursuant to I.C. § 19–2520. Smith appeals from a district court denial of a motion for correction of an illegal sentence.

Smith filed pro se his motion for correction of an illegal sentence on November 9, 1979. An order denying the motion was filed on December 27, 1979. Under I.A.R. 14(a)

"[a]ny appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any . . . order . . . of the district court appealable as a matter of right in any . . . criminal action."

Smith filed pro se his notice of appeal on April 2, 1980, which is beyond the 42 days

provided by I.A.R. 14(a). Ordinarily, failure to comply with the 42-day time limit would cause automatic dismissal. I.A.R. 21. However, if we dismissed his appeal on this ground, it is readily apparent from our holding in *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980), that Smith could successfully seek post-conviction relief. I.C. § 19–4901. This awareness coupled with notions of judicial economy prompt us to exercise our plenary jurisdiction to consider his appeal. Id. Const. art. 5, § 9.

In *State v. Thompson*, 101 Idaho 430, 437, 614 P.2d 970, 977 (1980), we held that:

"Attempted robbery is not one of the enumerated offenses [under I.C. § 19–2520], nor is there any inference that conviction of attempt of the listed offenses comes within the provisions of the statute. . . . The enhancement provisions of the statute cannot be imposed on a sentence given for conviction of the attempted robbery."

We reverse and remand with directions to vacate the five-year sentence imposed pursuant to I.C. § 19–2520. *State v. Thompson*, 101 Idaho 430, 614 P.2d 970 (1980).

### II

*State v. Lee.* Frederick J. Lee, Jr. was convicted by a jury on June 19, 1979, of robbery with possession of a firearm during the commission of a crime. Lee was sentenced "for the term of an indeterminate period of time, not to exceed 7 years, enhance by 3 years for the use of a firearm., [sic] sentences to run consecutive." The three-year enhancement of sentence was pursuant to I.C. § 19–2520.[1] Lee appeals from a district court denial of a motion for correction of an illegal sentence.

---

1. At the time of Lee's sentencing, I.C. § 19–2520 in pertinent part read:

"Any person convicted of a violation of [section] . . . 18–6501 (robbery defined), Idaho Code, who carried, displayed, used, threatened, or attempted to use a firearm while committing the crime, shall, in addition to the sentence imposed for the commission of the crime, be imprisoned in the state prison for not less than three (3) nor more than fifteen (15) years. Such additional sentence shall run consecutively to any other sentence imposed . . . .

. . . .

"This section shall apply even in those cases where the use of a firearm is an element of the offense."

Lee argues that the three-year sentence under I.C. § 19–2520 was in violation of the double jeopardy clause of the fifth amendment of the United States Constitution; article I, section 13 of the Idaho Constitution; and I.C. § 18–301. Appellant's counsel further argues that I.C. § 19–2520 constitutes a separate substantive offense and is a lesser included offense of I.C. § 18–6501 where that offense is committed by use of a firearm. We reject these arguments.

I.C. § 19–2520 does not prescribe a new offense but provides only for the imposition of additional punishment upon conviction of an offense in which a firearm was used. *E.g., State v. Cardona,* 102 Idaho 668, 637 P.2d 1164 (1981); *see, e.g., In re Culbreth,* 17 Cal.3d 330, 130 Cal.Rptr. 719, 551 P.2d 23 (Cal.1976). A sentence imposed under I.C. § 19–2520 does not create double jeopardy problems. *See, e.g., Woofter v. O'Donnell,* 91 Nev. 756, 542 P.2d 1396 (Nev. 1975); *State v. Miles,* 601 P.2d 971 (Wash. App.1979).

In *State v. Cardona, supra,* 102 Idaho at 670, 637 P.2d at 1166, we concluded that

"I.C. § 19–2520 does not by its terms make the carrying of a firearm during a felony a separate felony. . . . Rather, in scope and application, I.C. § 19–2520 can be analogized to the habitual offender statute, [I.C. § 19–2514,] which this court has found to be constitutional.

"In summary, I.C. § 19–2520 simply renders a person convicted of certain felonies liable to punishment in excess of that which might have been imposed upon him had he not used or possessed a firearm in the commission of the crime." (Citations and footnote omitted.)

In *State v. Smith,* we reverse and remand with directions to vacate the five-year sentence imposed pursuant to I.C. § 19–2520.

In *State v. Lee,* we affirm.

BAKES, C. J., and McFADDEN and BISTLINE, JJ., concur.

SHEPARD, J., concurs in result.