# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45455

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>RUSSELL ALLEN PASSONS,<br><br>    Defendant-Appellant. | Boise, February 2018 Term<br><br>2018 Opinion No. 45<br><br>Filed: May 1, 2018<br><br>Karel A. Lehrman, Clerk |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Honorable Rich Christensen, District Judge.

The decision of the district court is affirmed.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

BRODY, Justice.

This appeal arises from Russell Allen Passons's motion to correct an illegal sentence pursuant to Idaho Criminal Rule 35. The district court denied the motion on the basis of controlling precedent of the Court of Appeals. The Court of Appeals relied on that precedent to affirm the district court's decision. We granted Passons's petition for review, and now affirm the decision of the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Passons was charged with two counts of aggravated assault and a third count of burglary. He was later convicted by a jury of all three counts. Relevant for this appeal are the allegations particular to one of the aggravated assault counts under Idaho Code section 18-905 and a corresponding request for sentencing enhancement under Idaho Code section 19-2520. Those allegations read as follows (emphasis added):

That the defendant, Russell Allen Passons, on or about the 21st day of June, 2012, in the County of Kootenai, State of Idaho, did intentionally, unlawfully and with apparent ability threaten by word or act to do violence upon the person of [victim's name] *with a deadly weapon, to-wit: a knife*, which created a well-founded fear in said person that such violence was imminent;

. . . .

The Prosecuting Attorney further informs the Court that the defendant, Russell Allen Passons, on or about the 21st day of June, 2012, in the County of Kootenai, State of Idaho, *did use a deadly weapon in the commission of a felony, to-wit: by Passons using a knife to commit the felony crime(s) of Aggravated Assault*, all of which is contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the People of the State of Idaho.

Following his conviction, Passons was sentenced to a term of twenty years, with ten years fixed, on the relevant count, which reflects that the district court enhanced the sentence pursuant to section 19-2520. The district court also imposed concurrent sentences of five years, all fixed, on the other aggravated assault count, and ten years, with five years fixed, on the burglary count. Passons appealed the judgment of conviction, which was ultimately affirmed by the Court of Appeals. *State v. Passons*, 158 Idaho 286, 346 P.3d 303 (Ct. App. 2015).

From there, Passons filed a Rule 35 motion, contending that his enhanced sentence was illegal. The district court denied Passons's motion after finding that it was bound by the Court of Appeals' decision in *State v. Hernandez*, 120 Idaho 653, 818 P.2d 768 (Ct. App. 1991). Passons appealed. The Court of Appeals affirmed the district court, holding that the decision was proper and that, under the rule of stare decisis, the decision in *Hernandez* was not "manifestly wrong" such that the court was required to overturn its precedent. *State v. Passons*, No. 44388, 2017 WL 3091747 (Ct. App. July 21, 2017). Thereafter, we granted Passons's petition for review.

## II.   STANDARD OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Garcia-Rodriguez*, 162 Idaho 271, 274, 396 P.3d 700, 703 (2017) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)). "This Court thus acts as if the case were on direct appeal from the district court." *Id.* (quoting *State v. James*, 148 Idaho 574, 576, 225 P.3d 1169, 1171 (2010)).

Idaho Criminal Rule 35 enables a trial court to "correct a sentence that is illegal from the face of the record at any time." I.C.R. 35(a). Whether this rule is implicated generally raises a question of law, for which this Court exercises free review. *State v. Clements*, 148 Idaho 82, 84,

2

218 P.3d 1143, 1145 (2009) (citing *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007)).

## III.     ANALYSIS

Passons asks this Court to consider whether the district court erred in denying his Rule 35 motion. Before turning to the substantive arguments underlying that ruling, we must first address a pair of procedural objections raised by the State in its opposition to the motion.

### A. Passons's motion was not barred by the State's procedural objections for lack of jurisdiction and res judicata.

In its response on appeal, the State contends that the district court lacked jurisdiction to consider Passon's motion because the motion was, in substance, an untimely appeal from his judgment of conviction. The State also argues that even if the district court had jurisdiction, the motion was barred under res judicata due to Passons's prior appeal of the judgment of conviction. The State's arguments are not persuasive.

Starting with the jurisdictional issue, this Court considered an identical argument from the State in *State v. Kerrigan*, 143 Idaho 185, 141 P.3d 1054 (2006). In that case, we explained that "[a]lthough a judgment of conviction and the resulting sentence are related matters, they are not identical issues. The fact that Kerrigan challenges the legality of his sentence is not, as the State suggests, tantamount to an attack on his underlying conviction." *Id.* at 187, 141 P.3d at 1056. Review of Passons's motion and his briefing on appeal leads to the same conclusion— namely, he is not attacking the underlying conviction, but instead timely challenging the legality of his sentence within the scope of Rule 35.

The State's second argument is also without support. The State's theory of res judicata relies on the same logic that the State uses in its jurisdictional challenge: that is, Passons is merely attempting to once again appeal the judgment of conviction. Recognizing that this logic is without factual support, the State's contention that Passons is precluded from again raising arguments against his conviction is a nonstarter. Given this, and when recognizing the actual issue presented by Passons's motion, this Court's precedent undermines the State's argument for either issue or claim preclusion. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123–24, 157 P.3d 613, 617–18 (2007); *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000).

### B. The enhanced sentence authorized by Idaho Code section 19-2520 does not give rise to double jeopardy concerns.

Moving to the primary issue on appeal, Passons argues that his enhanced sentence for the aggravated assault conviction violated his constitutional protection from double jeopardy. The United States and Idaho Constitutions each afford the right to be protected from double jeopardy. The Fifth Amendment of the U.S. Constitution states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (incorporating right through the Fourteenth Amendment). Article I, section 13 of the Idaho Constitution reads similarly: "No person shall be twice put in jeopardy for the same offense . . . ." Under both Constitutions, the prohibition against double jeopardy breaks down into three specific protections: (1) against a second prosecution for the same offense after acquittal, (2) against a second prosecution for the same offense after conviction, and (3) against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *State v. Avelar*, 132 Idaho 775, 778, 979 P.2d 648, 651 (1999).

Passons contends that the district court violated the third guarantee by subjecting him to multiple punishments for the same offense when it applied Idaho Code section 19-2520 to enhance his sentence. Section 19-2520 provides for sentencing enhancement of fifteen years when certain enumerated offenses are committed using a firearm or other deadly weapon. I.C. § 19-2520. Amongst the underlying offenses is aggravated assault, conviction of which is punishable up to five years without enhancement. I.C. §§ 18-905, 18-906.

This Court has previously explained that section 19-2520 "does not prescribe a new offense but provides only for the imposition of additional punishment" upon conviction of an underlying offense where a firearm or other deadly weapon was involved. *State v. Smith*, 103 Idaho 135, 137, 645 P.2d 369, 371 (1982) (citing *State v. Cardona*, 102 Idaho 688, 690, 637 P.2d 1164, 1166 (1981)). Because section 19-2520 only provides for additional punishment and not an additional offense, the Court concluded in *Smith* that "[a] sentence imposed under [the statute] does not create double jeopardy problems." *Id.*; *see also Farwell*, 144 Idaho at 736, 170 P.3d at 401 (noting that a sentencing enhancement "is not a new offense" and "not a separate sentence"); *State v. Burnight*, 132 Idaho 654, 658–59, 978 P.2d 214, 218–19 (1999) (explaining that the "enhancement is an additional term and is part of a single sentence for the underlying crime").

Shortly after our decision in *Smith*, the U.S. Supreme Court issued its opinion in *Missouri v. Hunter*, 459 U.S. 359, 368 (1983), wherein it explained that additional or "cumulative"

4

punishment imposed through two statutes that proscribe the same conduct constituted double jeopardy absent legislative authorization for punishment of this nature. The Court's decision in *Hunter* indicates that our consideration of double jeopardy through multiple punishments is predicated on two issues of legislative intent. First, the Legislature needs to have enacted multiple statutes that separately proscribe the same offense. 459 U.S. at 368. Second, assuming that punishment through each of these statutes is at stake, the Legislature must have expressly authorized for the punishments to be imposed lest their imposition constitutes double jeopardy. *Id.*

In *Hunter*, the defendant was sentenced under the Missouri statutes for first-degree robbery and "armed criminal action." 459 U.S. at 360. The armed criminal action statute prescribed a separate crime that allowed for additional punishment where an underlying felony was committed involving the use of a "dangerous or deadly weapon." *Id.* at 362 (citing Mo. Ann. Stat. § 560.225 (West 1979)). *Hunter* arose after the Missouri Supreme Court had held that, notwithstanding clear legislative intent to subject defendants to punishment under the armed criminal action statute *in addition to* the punishment for the underlying felony, the U.S. Supreme Court's double jeopardy precedent barred enforcement of multiple punishments where the same conduct of the defendant was used to convict him of each offense. *Id.* at 364–65 (citing to *Sours v. State*, 593 S.W.2d 208, 216 (Mo. 1980), *vacated sub nom. Missouri v. Sours*, 446 U.S. 962 (1980)). The U.S. Supreme Court found this to be a misreading of its precedent, explaining that merely because two statutes may be interpreted to proscribe the same conduct does not mean that imposition of punishment through both statutes violates the Double Jeopardy Clause. *Id.* at 365–68 (citing *Whalen v. United States*, 445 U.S. 684 (1980) (statutes for rape and felony-murder), and *Albernaz v. United States*, 450 U.S. 333 (1981) (statutes for conspiracy to import marijuana and conspiracy to distribute marijuana)). Rather, the Court continued, punishment of this nature is permissible if there is clear legislative intent for its imposition. *Id.* at 368. Because the Missouri Supreme Court had already recognized that its legislature clearly intended to authorize punishment under both statutes, the U.S. Supreme Court held that its imposition was not a violation of the Double Jeopardy Clause. *Id.* at 368–69.

Here, Passons contends that his enhanced sentence fits the mold of the punishment described in *Hunter*. He focuses his appeal on the second issue of legislative intent, and argues that, unlike the armed criminal action statute in *Hunter*, section 19-2520 does not expressly

5

authorize his punishment, and, therefore, its imposition was unconstitutional double jeopardy. This Court has cited to *Hunter* in consideration of double jeopardy issues; however, we have not yet been asked to address that decision in relation to section 19-2520. *See State v. Olsen*, 161 Idaho 385, 391, 386 P.3d 908, 914 (2016) (affirming convictions for three separate offenses arising from violations of a statute proscribing misuse of public funds); *State v. Osweiler*, 140 Idaho 824, 826–27, 103 P.3d 437, 439–40 (2004) (affirming convictions for trafficking in methamphetamine by manufacturing it and manufacturing methamphetamine on premises where a child was present). On the other hand, the Court of Appeals has integrated the *Hunter* decision into its cases raising double jeopardy concerns under section 19-2520. *See, e.g.*, *State v. Galaviz*, 104 Idaho 328, 330–31, 658 P.2d 999, 1001–02 (Ct. App. 1983); *State v. Metzgar*, 109 Idaho 732, 734–35, 210 P.2d 642, 644–45 (Ct. App. 1985).

While Passons does not ask this Court to overrule its decision in *Smith*, the express holding in that case—i.e., section 19-2520 does not implicate double jeopardy concerns—reveals that we would need to depart from our earlier decision if we are to consider Passons's argument to its end. We find this to be unnecessary, however, as Passons's effort to draw this case parallel to *Hunter* is misguided due to a fundamental difference in the statutes at issue in each case.

Turning to the relevant statutory text, the Missouri armed criminal action statute at issue in *Hunter* provided:

> [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon *is also guilty of the crime of armed criminal action* and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

459 U.S. at 362 (emphasis added) (quoting Mo. Ann. Stat. § 560.225).

In contrast, section 19-2520 provides:

> Any person convicted of a violation of sections 18-905 (aggravated assault defined), 18-907 (aggravated battery defined), 18-909 (assault with intent to commit a serious felony defined), 18-911 (battery with intent to commit a serious felony defined), 18-1401 (burglary defined), 18-1508(3), 18-1508(4), 18-1508(5), 18-1508(6) (lewd conduct with minor or child under sixteen), 18-2501 (rescuing prisoners), 18-2505 (escape by one charged with or convicted of a felony), 18-

6

2506 (escape by one charged with or convicted of a misdemeanor), 18-4003 (degrees of murder), 18-4006 (manslaughter), 18-4015 (assault with intent to murder), 18-4501 (kidnapping defined), 18-5001 (mayhem defined), 18-6101 (rape defined), 18-6501 (robbery defined), 37-2732(a) (delivery, manufacture or possession of a controlled substance with intent to deliver) or 37-2732B (trafficking), Idaho Code, who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, ***shall be sentenced to an extended term of imprisonment***. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.

For the purposes of this section, "firearm" means any deadly weapon capable of ejecting or propelling one (1) or more projectiles by the action of any explosive or combustible propellant, and includes unloaded firearms and firearms which are inoperable but which can readily be rendered operable.

The additional terms provided in this section shall not be imposed unless the fact of displaying, using, threatening, or attempting to use a firearm or other deadly weapon while committing the crime is separately charged in the information or indictment and admitted by the accused or found to be true by the trier of fact at the trial of the substantive crime.

This section shall apply even in those cases where the use of a firearm is an element of the offense.

I.C. § 19-2520 (emphasis added).

When compared, the emphasized language in each statute illustrates the crucial difference: the Missouri statute expressly prescribes a second, independent crime, whereas the Idaho statute reads solely to authorize enhancement of a sentence for an underlying crime. The Missouri Supreme Court recognized this precise distinction when it was considering the armed criminal action statute, explaining that it "provide[d] for more than merely an enhanced sentence. . . . The armed criminal action statute calls for conviction of a second crime and for the imposition of a second sentence." *Sours*, 593 S.W.2d at 216. As noted above, the U.S. Supreme Court deferred to the Missouri court's construction of the statute. *Hunter*, 459 U.S. at 368.

In other words, the double jeopardy issue in *Hunter* was premised on the existence of two statutes prescribing two different crimes (robbery and armed criminal action). This Court has already considered this possibility with regard to section 19-2520. In *Smith*, we reached the opposite conclusion, holding that the statute does not separately proscribe a substantive offense. Instead of prescribing an offense, the language of the statute reveals that the Idaho Legislature has authorized courts to impose enhanced sentences when certain crimes are committed using a

7

firearm or deadly weapon. I.C. § 19-2520. An enhanced sentence does not place the defendant in new jeopardy but instead imposes a harsher penalty for the underlying offense. *See United States v. Watts*, 519 U.S. 148, 154–55 (1997) ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." (citing *Witte v. United States*, 515 U.S. 389, 402–03 (1995))); *see also Cardona*, 102 Idaho at 670, 637 P.2d at 1164 (analogizing section 19-2520 to enhancement for habitual offenders under Idaho Code section 19-2514). Herein lies the reasoning for the Court's conclusion in *Smith* that section 19-2520 does not create double jeopardy concerns. Namely, in that case the Court directly addressed the first issue of legislative intent and answered in the negative: the Legislature has not enacted multiple statutes that separately proscribe the same offense. *Hunter* does not require us to disturb that decision because the *Hunter* decision was based on a second statute that was different in form and function from section 19-2520.

The dissent correctly notes that *Smith* involved the use of a firearm; moreover, the version of the statute applicable to that decision dealt exclusively with the use of firearms before a later amendment added the "or other deadly weapon" language. 103 Idaho at 136 n.1, 371 P.2d at 370 n.1. Nonetheless, the crux of the Court's decision in *Smith* was its holding that section 19-2520 does not implicate double jeopardy because it does not prescribe a second crime. *Id.* at 137, 371 P.2d at 371. Despite this holding, the dissent here concludes that section 19-2520 constitutes a separate substantive offense, and therefore Passons's underlying aggravated assault conviction is a lesser-included offense of section 19-2520. This exact argument was rejected by this Court in *Smith*. *Id.*; *see also Cardona*, 102 Idaho at 670, 637 P.2d at 1166 ("[Section] 19-2520 does not by its terms make the carrying of a firearm during a felony a separate felony nor fix a mandatory sentence for such additional crime . . . .").

The holding in *Smith* effectively undermines the foundation of Passons's argument regarding the second issue of legislative intent. Simply, without first having multiple statutes that separately proscribe the same offense, we need not further consider whether the Legislature has expressly authorized for cumulative punishment to be imposed through such statutes. That being the case, we instead hold that Passons's double jeopardy argument fails and the district court's denial of his Rule 35 motion was proper.

As a final matter, our decision here relies on reasoning different from that found in the Court of Appeals's decisions citing to *Hunter*. Under Idaho's appellate system this Court does not overrule decisions of the Court of Appeals even if it disagrees with them. *See State v. Rawlings*, 159 Idaho 498, 505, 363 P.3d 339, 346 (2015). Nonetheless, in light of the foregoing, we will use this decision as an opportunity to reject that connection to *Hunter* and emphasize that in the context of section 19-2520 this Court's decision in *Smith* remains the relevant precedent. Based on the present circumstances, procedurally, we recognize that, notwithstanding the district court's proper adherence to binding precedent, the underlying decision can be affirmed on different grounds.

## IV.    CONCLUSION

We affirm the district court's order denying Passons's motion.


Chief Justice BURDICK, Justice BEVAN, and Justice Pro Tem TROUT CONCUR.


WIEBE, Justice Pro Tem, dissenting.

I respectfully dissent from the majority's conclusion that Passons's enhanced sentence does not implicate double jeopardy concerns. Instead, I would hold that the district court unconstitutionally imposed cumulative punishment through its application of Idaho Code sections 19-2520 and 18-905. As a fundamental right, we are afforded protection from the risk of being punished for the same crime twice. U.S. Const. amend. V; Idaho Const. art. I, § 13. Passons argues that the district court violated this right when it applied Idaho Code section 19-2520 to enhance his sentence because it subjected him to multiple punishments for the same offense. I agree.

The majority seeks to distinguish this case from the United States Supreme Court case of *Missouri v. Hunter*, 459 U.S. 359 (1983). In *Hunter*, the defendant was sentenced under the Missouri statutes for first-degree robbery and "armed criminal action," which prescribed a separate crime that allowed for additional, enhanced punishment where an underlying felony was committed involving the use of a "dangerous or deadly weapon." *Id*. at 360–62 (citing Mo. Ann. Stat. § 560.225 (West 1979)). The Supreme Court explained that additional or cumulative punishment imposed through two statutes for the same conduct constituted double jeopardy *absent legislative authorization for punishment of this nature*. *Id*. at 366. While the Supreme

9

Court ultimately determined that there was no double jeopardy violation in *Hunter*, that decision was based on the Missouri Legislature's express authorization for cumulative punishment under the two statutes. *Id*. at 368–69.

Here, Passons was convicted of using a knife to commit aggravated assault, which is defined in section 18-905 as an assault:

    (a)  With a deadly weapon or instrument without intent to kill; or

    (b)  By any means or force likely to produce great bodily harm.[; or]

    (c)  With any vitriol, corrosive acid, or a caustic chemical of any kind.

    (d)  "Deadly weapon or instrument" as used in this chapter is defined to include any firearm, though unloaded or so defective that it cannot be fired.

I.C. § 18-905. For a sentence enhancement to apply under section 19-2520 there must be: (1) a conviction under one of the enumerated offenses, and (2) the display, use, threat, or attempted use of a firearm or other deadly weapon in commission or attempted commission of the underlying offense. I.C. § 19-2520. Because section 19-2520 requires showing that the defendant has been convicted of the underlying offense, its application cannot be had without proof of every element of that offense. Therefore, the underlying offense—i.e., Passons's conviction of aggravated assault under section 18-905—must be a lesser-included offense of section 19-2520. Therefore, the application of section 19-2520 imposes additional punishment for the same offense as the underlying conviction. The Legislature must authorize such a punishment to avoid double jeopardy concerns. *See Hunter*, 459 U.S. at 366 (cumulative punishment imposed through two statutes for the same conduct constituted double jeopardy absent legislative authorization); *see also Whalen v. United States*, 445 U.S. 684, 689 (1980) (explaining that if multiple punishments for the same offense are imposed absent express legislative authorization, the court is acting beyond its own authority in violation of the constitutional guarantee against double jeopardy and the constitutional principle of separation of powers.).

When resolving issues of legislative intent, we first look to the language of the statute. *See Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). The statutory text must be given its plain, usual, and ordinary meaning while construing the statute as a whole. *Id.* If the statute is unambiguous, its plain language controls. *Id.* "A statute is ambiguous where the language is capable of more than one reasonable construction." *Id.* at 896, 265 P.3d at 509 (quoting *Porter v. Bd. of Trs., Preston Sch. Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674

(2004)). "An unambiguous statute would have only one reasonable interpretation. An alternative interpretation that is unreasonable would not make it ambiguous." *Id.* (citing *In re Application for Permit No. 36–7200*, 121 Idaho 819, 823–24, 828 P.2d 848, 852–53 (1992)). Where the statute is unambiguous, the Court does not consult legislative history and other extrinsic evidence in an effort to alter the clearly expressed legislative intent. *Id.* at 893, 265 P.3d at 506 (quoting *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)). As previously explained, "[w]e must follow the law as written. If it is socially or economically unsound, the power to correct it is legislative, not judicial." *Id.* at 895, 265 P.3d at 508 (quoting *Herndon v. West*, 87 Idaho 335, 339, 393 P.2d 35, 37 (1964)).

The plain language of section 19-2520 does not expressly authorize an enhancement in cases where the use of a non-firearm deadly weapon constitutes an element of the offense. On its face, the final sentence of section 19-2520, "[t]his section shall apply even in those cases where the use of a firearm is an element of the offense," appears to clearly authorize cumulative punishments when a person is convicted of one of the underlying offenses where use of a firearm is an element of that offense. However, the statute does not include an analogous provision for cases where the use of a non-firearm deadly weapon is an element of the offense. I would hold that the Legislature's failure to include any mention of a non-firearm in the final sentence is dispositive. *State v. Michael*, 111 Idaho 930, 933, 729 P.2d 405, 408 (1986) ("When a statute enumerates the areas which are to be encompassed in its enforcement, it is generally accepted that those areas not specifically mentioned are not to be included.").

In light of the foregoing analysis, the majority's reliance on *State v. Smith*, 103 Idaho 135, 645 P.2d 369 (1982), is misplaced. Specifically, the holding of *Smith* is inapposite to the case at hand because it involved the use of a firearm in the commission of the underlying offense. *Id.* at 137, 645 P.2d at 371. Here, it is the Legislature's failure to extend the application of section 19-2520 to cases that involve a non-firearm that implicates Passons's double jeopardy concerns. Accordingly, I would reverse the district court's decision.