WIEBE, Justice Pro Tem, dissenting.
I respectfully dissent from the majority's conclusion that Passons's enhanced sentence does not implicate double jeopardy concerns. Instead, I would hold that the district court unconstitutionally imposed cumulative punishment through its application of Idaho Code sections 19-2520 and 18-905. As a fundamental right, we are afforded protection from the risk of being punished for the same crime twice. U.S. Const. amend. V ; Idaho Const. art. I, § 13. Passons argues that the district court violated this right when it applied Idaho Code section 19-2520 to enhance his sentence because it subjected him to multiple punishments for the same offense. I agree.
The majority seeks to distinguish this case from the United States Supreme Court case of Missouri v. Hunter , 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). In Hunter , the defendant was sentenced under the Missouri statutes for first-degree robbery and "armed criminal action," which prescribed a separate crime that allowed for additional, *247 enhanced punishment where an underlying felony was committed involving the use of a "dangerous or deadly weapon." Id . at 360-62, 103 S.Ct. 673 (citing Mo. Ann. Stat. § 560.225 (West 1979) ). The Supreme Court explained that additional or cumulative punishment imposed through two statutes for the same conduct constituted double jeopardy absent legislative authorization for punishment of this nature . Id . at 366, 103 S.Ct. 673. While the Supreme Court ultimately determined that there was no double jeopardy violation in Hunter , that decision was based on the Missouri Legislature's express authorization for cumulative punishment under the two statutes. Id . at 368-69, 103 S.Ct. 673.
Here, Passons was convicted of using a knife to commit aggravated assault, which is defined in section 18-905 as an assault:
(a) With a deadly weapon or instrument without intent to kill; or
(b) By any means or force likely to produce great bodily harm.[; or]
(c) With any vitriol, corrosive acid, or a caustic chemical of any kind.
(d) "Deadly weapon or instrument" as used in this chapter is defined to include any firearm, though unloaded or so defective that it cannot be fired.
I.C. § 18-905. For a sentence enhancement to apply under section 19-2520 there must be: (1) a conviction under one of the enumerated offenses, and (2) the display, use, threat, or attempted use of a firearm or other deadly weapon in commission or attempted commission of the underlying offense. I.C. § 19-2520. Because section 19-2520 requires showing that the defendant has been convicted of the underlying offense, its application cannot be had without proof of every element of that offense. Therefore, the underlying offense-i.e., Passons's conviction of aggravated assault under section 18-905-must be a lesser-included offense of section 19-2520. Therefore, the application of section 19-2520 imposes additional punishment for the same offense as the underlying conviction. The Legislature must authorize such a punishment to avoid double jeopardy concerns. See Hunter , 459 U.S. at 366, 103 S.Ct. 673 (cumulative punishment imposed through two statutes for the same conduct constituted double jeopardy absent legislative authorization); see also Whalen v. United States , 445 U.S. 684, 689, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (explaining that if multiple punishments for the same offense are imposed absent express legislative authorization, the court is acting beyond its own authority in violation of the constitutional guarantee against double jeopardy and the constitutional principle of separation of powers.).
When resolving issues of legislative intent, we first look to the language of the statute. See Verska v. Saint Alphonsus Reg'l Med. Ctr. , 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting State v. Schwartz , 139 Idaho 360, 362, 79 P.3d 719, 721 (2003) ). The statutory text must be given its plain, usual, and ordinary meaning while construing the statute as a whole. Id. If the statute is unambiguous, its plain language controls. Id. "A statute is ambiguous where the language is capable of more than one reasonable construction." Id. at 896, 265 P.3d at 509 (quoting Porter v. Bd. of Trs., Preston Sch. Dist. No. 201 , 141 Idaho 11, 14, 105 P.3d 671, 674 (2004) ). "An unambiguous statute would have only one reasonable interpretation. An alternative interpretation that is unreasonable would not make it ambiguous." Id. (citing In re Application for Permit No. 36-7200 , 121 Idaho 819, 823-24, 828 P.2d 848, 852-53 (1992) ). Where the statute is unambiguous, the Court does not consult legislative history and other extrinsic evidence in an effort to alter the clearly expressed legislative intent. Id. at 893, 265 P.3d at 506 (quoting City of Sun Valley v. Sun Valley Co. , 123 Idaho 665, 667, 851 P.2d 961, 963 (1993) ). As previously explained, "[w]e must follow the law as written. If it is socially or economically unsound, the power to correct it is legislative, not judicial." Id. at 895, 265 P.3d at 508 (quoting Herndon v. West , 87 Idaho 335, 339, 393 P.2d 35, 37 (1964) ).
The plain language of section 19-2520 does not expressly authorize an enhancement in cases where the use of a non-firearm deadly weapon constitutes an element of the offense. On its face, the final sentence of section 19-2520, "[t]his section shall apply even in those cases where the use of a firearm is an element of the offense," appears to clearly authorize *248 cumulative punishments when a person is convicted of one of the underlying offenses where use of a firearm is an element of that offense. However, the statute does not include an analogous provision for cases where the use of a non-firearm deadly weapon is an element of the offense. I would hold that the Legislature's failure to include any mention of a non-firearm in the final sentence is dispositive. State v. Michael , 111 Idaho 930, 933, 729 P.2d 405, 408 (1986) ("When a statute enumerates the areas which are to be encompassed in its enforcement, it is generally accepted that those areas not specifically mentioned are not to be included.").
In light of the foregoing analysis, the majority's reliance on State v. Smith , 103 Idaho 135, 645 P.2d 369 (1982), is misplaced. Specifically, the holding of Smith is inapposite to the case at hand because it involved the use of a firearm in the commission of the underlying offense. Id . at 137, 645 P.2d at 371. Here, it is the Legislature's failure to extend the application of section 19-2520 to cases that involve a non-firearm that implicates Passons's double jeopardy concerns. Accordingly, I would reverse the district court's decision.