# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45171

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 20, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL WILSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Michael Wilson appeals from the district court's order denying his I.C.R. 35 motion to correct an illegal sentence. Wilson argues that his motion was timely and his sentence for aggravated assault and a weapon enhancement violates the Double Jeopardy Clause of the Idaho Constitution. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found Wilson guilty of aggravated assault, I.C. § 18-905, and burglary, I.C. § 18-1401. The jury also found that Wilson used a firearm when he committed both crimes. The district court sentenced Wilson to a unified term of twelve years, with a minimum period of confinement of four years, for aggravated assault and use of a deadly weapon, I.C. § 19-2520,

1

and a unified term of three years, with a minimum period of confinement of one year, for burglary. The district court ordered the two sentences to run consecutively. Wilson appealed, arguing that his sentences are excessive. In an unpublished opinion, this Court affirmed Wilson's judgment of conviction and sentences. *State v. Wilson*, Docket 41883 (Ct. App. Apr. 15, 2015). Wilson filed a pro se Rule 35 motion arguing the weapon enhancement applied to his aggravated assault sentence is illegal because it constitutes double jeopardy under the Idaho and United States Constitutions.[1] The district court denied Wilson's motion, finding that it was untimely[2] and that the double jeopardy argument was without merit. Wilson appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a Rule 35 motion to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewed. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

## III.

## ANALYSIS

Wilson argues that the district court erred by denying his Rule 35 motion to correct an illegal sentence because the weapon enhancement applied to Wilson's aggravated assault sentence violated the Double Jeopardy Clause of the Idaho Constitution. Specifically, Wilson contends the enhancement resulted in multiple punishments for the same offense. We affirm.

Idaho Code Section 19-2520 authorizes a sentencing enhancement for use of a weapon for certain enumerated offenses, including the two substantive offenses the jury found Wilson guilty of--aggravated assault and burglary.[3] Section 19-2520 reads, in part:

---

[1]     Wilson did not challenge his burglary sentence in his Rule 35 motion.

[2]     Because the State concedes on appeal that Wilson's motion was timely to the extent it challenged the legality of his sentence, we need not address the district court's conclusion that the motion was untimely.

[3]     As noted, Wilson did not challenge the sentencing enhancement as applied to the burglary conviction.

2

Any person convicted of a violation of sections 18-905 (aggravated assault defined) . . . [and] 18-1401 (burglary defined) . . . who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.

. . . .

This section shall apply even in those cases where the use of a firearm is an element of the offense.

I.C. § 19-2520.

The constitutional prohibition against double jeopardy provides basic protections against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). The Idaho Supreme Court has held that the sentencing enhancement provided in I.C. § 19-2520 does not prescribe a separate offense, but only provides for the imposition of additional punishment for the use of a firearm in the commission of certain enumerated offenses. *State v. Smith*, 103 Idaho 135, 137, 654 P.2d 369, 371 (1982). As such, I.C. § 19-2520 does not implicate double jeopardy. *Smith*, 103 Idaho at 137, 654 P.2d at 371. The Idaho Supreme Court recently reaffirmed this conclusion in *State v. Passons*, ___ Idaho ___, 417 P.3d 240 (2018).

Notwithstanding *Smith*,[4] Wilson asks this Court to afford greater double jeopardy protections in relation to sentencing enhancements under the Idaho Constitution like the Montana Supreme Court did in *State v. Guillaume*, 975 P.2d 312 (Mont. 1999). We decline to do so. The Idaho Supreme Court has rejected arguments that the I.C. § 19-2520 sentencing enhancement violates double jeopardy. *See, e.g.*, *Passons*, ___ Idaho at 246, 417 P.3d at ___; *Smith*, 103 Idaho at 137, 654 P.2d at 371; *Metzgar*, 109 Idaho at 734-35, 710 P.2d at 644-45. When there is controlling precedent on questions of Idaho law, the rule of stare decisis dictates that we follow it absent a showing that the law is manifestly wrong, unjust, or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and to remedy continued injustice. *State*

---

[4]     The Idaho Supreme Court's opinion in *Passons* was not issued when Wilson filed his brief in this case.

*v. Grant*, 154 Idaho 281, 287, 297 P.d 244, 250 (2013).  We are not persuaded that the Montana Supreme Court's recognition of greater protections under the Montana Constitution is a reason for this Court to disregard Idaho precedent.  We hold that the district court did not err when it denied Wilson's Rule 35 motion.

## IV.

## CONCLUSION

The I.C. § 19-2520 weapon enhancement applied to Wilson's aggravated assault sentence does not violate double jeopardy.  Therefore, the district court's order denying Wilson's Rule 35 motion for correction of an illegal sentence is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

4