IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48842

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: February 23, 2022 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| LLOYD HARRISON HARROD, III, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct an illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfeld, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Lloyd Harrison Harrod, III appeals from the district court's order denying his Idaho Criminal Rule 35 motion to correct an illegal sentence. Harrod argues his sentence for aggravated assault with a weapon enhancement illegally subjected him to multiple sentencing enhancements for the use of a firearm. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Harrod pleaded guilty to aggravated assault on a law enforcement officer, Idaho Code §§ 18-915, 18-901, 18-905, with a firearm enhancement, I.C. § 19-2520; eluding a peace officer, I.C. § 49-1404(2); and unlawful possession of a firearm I.C. § 18-3316. The district court imposed a unified term of incarceration of twenty-five years, with eight years determinate, for aggravated assault on a law enforcement officer with a firearm, and a five-year determinate sentence for both

1

the eluding a peace officer charge and the unlawful possession of a firearm charge. The district court ordered the sentences to run concurrently. Harrod appealed, arguing that his sentences are excessive. In an unpublished opinion, this Court affirmed Harrod's judgment of conviction and sentences. *State v. Harrod*, Docket No. 45988 (Ct. App. Jan. 18, 2019).

Harrod filed an I.C.R. 35 motion arguing the weapon enhancement applied to his aggravated assault sentence is illegal because he was subjected to multiple sentencing enhancements for the use of a firearm. The district court denied Harrod's motion, finding that Harrod was not subjected to multiple sentences for his use of a firearm. Harrod filed a motion to reconsider which was denied. Harrod timely appeals.

## II.

## ANALYSIS

Harrod argues the district court erred by denying his I.C.R. 35 motion to correct an illegal sentence because the weapon enhancement that was applied to Harrod's aggravated assault sentence resulted in multiple punishments for the same offense. In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

Idaho Code § 19-2520 authorizes a sentencing enhancement for use of a weapon for certain enumerated offenses, including aggravated assault. Section 19-2520 provides, in relevant part:

> Any person convicted of a violation of sections 18-905 (aggravated assault defined) . . . who displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit the crime, shall be sentenced to an extended term of imprisonment. The extended term of imprisonment authorized in this section shall be computed by increasing the maximum sentence authorized for the crime for which the person was convicted by fifteen (15) years.
>     . . . .
>     This section shall apply even in those cases where the use of a firearm is an element of the offense.

The constitutional prohibition against double jeopardy provides protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). The Idaho Supreme Court has held that the sentencing enhancement provided in

2

I.C. § 19-2520 does not prescribe a separate offense, but authorizes courts to impose enhanced sentences for certain offenses. *State v. Passons*, 163 Idaho 643, 646, 417 P.3d 240, 243 (2018); *State v. Smith*, 103 Idaho 135, 137, 645 P.2d 369, 371 (1982). An enhanced sentence does not place the defendant in new jeopardy but instead imposes a harsher penalty for the underlying offense. *Passons,* 163 Idaho at 648, 417 P.3d at 245.

Mindful of *Passons* and that I.C. § 19-2520 provides that the enhancement applies "even in those cases where the use of a firearm is an element of the offense," Harrod asserts that the district court imposed an illegal sentence because the offense of simple assault was enhanced twice for his use of a firearm. Harrod has not shown error in the district court's decision. In its order denying Harrod's I.C.R. 35 motion, the district court applied *Passons* and concluded:

> Defendant's sentence is not illegal because he was not subjected to multiple sentences for the same offense for using a firearm. Defendant's assertion that he was charged with the crime of assault and, because he used a firearm in the commission of the assault, the charge was enhanced to an aggravated assault is incorrect. By definition, Defendant committed the crime of aggravated assault by his use of a firearm during the assault pursuant to I.C. § 18-905(a). His sentence for aggravated assault was then enhanced because of his use of a firearm during the aggravated assault. This enhancement did not create a new crime but it did authorize the Court to impose a harsher penalty.

Because Harrod has not shown error in the district court's ruling, we affirm the district court's denial of Harrod's I.C.R. 35 motion for correction of an illegal sentence.

## III.

## CONCLUSION

The district court properly concluded Harrod's sentence is not illegal. Thus, the district court's order denying Harrod's I.C.R. 35 motion for correction of an illegal sentence is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.