**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52082**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CRAIG MICHAEL STEVENSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Judgment of conviction and aggregate unified sentence of twenty-two years, with a minimum period of incarceration of eight years, for aggravated battery and use of deadly weapon; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Craig Michael Stevenson pled guilty to aggravated battery, Idaho Code §§ 18-903(a) and 18-907(1)(b), and use of a deadly weapon, I.C. § 19-2520. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of six years, and a unified sentence of twelve years, with a

1

minimum period of incarceration of two years, to run consecutively.[1]  Stevenson filed an Idaho Criminal Rule 35 motion, which the district court denied.  Stevenson appeals.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation/retaining jurisdiction was not appropriate.

Next, we review whether the district court erred in denying Stevenson's Rule 35 motion.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with Stevenson's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Stevenson's judgment of conviction and sentence, and the district court's order denying Stevenson's Rule 35 motion, are affirmed.

---

[1]     Although not raised on appeal, Stevenson received a separate sentence for the deadly weapon sentencing enhancement.  This Court has previously explained that Idaho Code § 19-2520 "does not prescribe a new offense but provides only for the imposition of additional punishment" upon conviction of an underlying offense where a firearm or other deadly weapon was involved. *State v. Smith*, 103 Idaho 135, 137, 645 P.2d 369, 371 (1982); *see also State v. Burnight*, 132 Idaho 654, 658-59, 978 P.2d 214, 218-19 (1999) (explaining that the "enhancement is an additional term and is part of a single sentence for the underlying crime").  Given the separate sentence for the enhancement, it appears the district court imposed an illegal sentence.